**1816.**

SHEPARD
v.
MERRILL.

---

## SHEPARD *against* MERRILL and TUCKER.

In the case of an *award,* this Court will not interfere, unless there has been fraud, imposition, or mistake.

Where the matter submitted was, what damages the one party or the other was to pay on the *surrender* of a lease, and the arbitrators awarded a sum to be paid by the lessor to the lessee, but did not take into consideration the rent payable at the next quarter-day, considering that matter as not in controversy or submitted; nor was it mentioned or brought before them by the parties; it was held that there was no mistake in the award.

*December* 16th.

[ *277 ]

THE bill stated, that the plaintiff, on the 12th of *March,* 1814, demised to the defendants a farm of 150 acres, with certain furniture, stock, and farming utensils thereon, for the term of *four* years, commencing *May* 1st, 1814, at the yearly rent of 600 dollars, payable quarterly. That differences having arisen, afterwards, between the parties, on the subject of the lease, they, on the 18th of *April,* *1815, by an agreement under their hands and seal, in order to settle their dispute, and to rescind the lease, submitted the same to arbitration. This agreement was as follows:—" It is hereby agreed, that the lease executed on the 12th of *March,* 1814, of the farm, and also the agreement relative to the furniture, stock, and other articles on the farm, be vacated, relinquished, given up, and surrendered." " That the defendants return to the plaintiff, forthwith, the said articles, and that *George Doolittle,* and *Job Phelps,* being two indifferent men, mutually agreed on to adjudge, &c. on all matters in difference which have arisen, or may arise, relative to the said agreement, and the relinquishment thereof, and the fulfilment of the above agreement to redeliver the same, according to the agreement of the 12th of *March,* 1814." " That the arbitrators above named, and *Gerrit G. Lansing,* shall decide whether any, and what sum

218

of money, shall be paid by the defendants to the plaintiff, for the relinquishment and surrender of the said lease and agreement, and what sums the plaintiff shall pay to the defendants for the surrender and relinquishment, and giving up the said lease and agreement." " That the award be made in two days, and be binding, &c. Possession of the premises to be given on the 1st of *May*, then next, and the articles and stock aforesaid, to be kept by the defendants until the 1st of *May*, and then surrendered up."

By the *award* of the three arbitrators, dated *April* 18th, 1815, it was awarded, that for the relinquishment, surrender, and giving up of the lease and agreement, the plaintiff should pay to the defendants 199 dollars and 50 cents, and that the defendants forthwith deliver up the articles mentioned in the schedule, &c., and deduct from the payment to be made by the plaintiff, 49 dollars and 50 cents, the difference in the appraisement of the cattle between *March* 18th, 1814, and that day, and shall leave two and a half tons of hay in the barn, for the use of the plaintiff.

*The plaintiff charged in his bill, that the arbitrators, by their award, did not intend to extinguish the quarter's rent to become due on the 1st of *May* then next ensuing the date of the award, nor did they allow the plaintiff for that quarter's rent, being 150 dollars, nor deduct the same from the sum awarded to the defendants, nor was that rent in controversy, but was considered as a distinct demand, not then due, but payable on the *May* ensuing, when it should satisfy so much of the sum awarded; and that the defendants, when the award was made, admitted that the rent of 150 dollars would be due on the 1st of *May*, and all demands between the parties would be then balanced. That though the plaintiff was ready and willing to set off the said rent against the sum awarded to the defendants, yet they refused to allow the same; and to defraud the plaintiff, had brought an action at law on the award in the Court of Common Pleas of *Oneida* county, and were proceeding to obtain judgment, under a pretence that the submission and award have deprived the plaintiff of his right to a recovery of the rent, though the arbitrators intended to make no such decision, but the contrary. The bill prayed for an injunction to stay the suit on the award, &c., which was granted.

The *answer* of the defendants admitted the lease, &c., and the submission and award. They alleged, that the plaintiff took possession of the farm before the first of *May*, 1815, and received articles of property before that time. That they intended to submit the amount of damages either might sustain, &c., by the surrender, with reference solely to the future continuance of the lease, without

1816.

SHEPARD
v.
MERRILL.

[ * 278 ]

1816.

SHEPARD
v.
MERRILL.

[ *279 ]

regard to any rent to become due, or any other claim of the plaintiff for the use of the premises since the last quarter-day, or otherwise ; and that nothing was said about the claim for rent, until after the award was delivered ; and that since the award, they have never admitted, or intended to admit, that they were to pay the said *rent, or that the same was to be deducted from the amount awarded to them, or that nothing would be due to them on the first of *May*. That they performed the award on their part, and the plaintiff refusing to pay, &c., they brought a suit on the award, &c.

The arbitrators, who were examined as witnesses, stated, that nothing was said to them about the quarter's rent, to become due on the first of *May* ; nor did they take it into consideration, but supposed it would be collected when it became due, and was not a matter of controversy between the parties. One of them stated, that after the award was published, the plaintiff said they had made the matter even, as the amount of the award would balance the quarter's rent, to which *Tucker*, who was present, made no reply, except, that he was always satisfied the arbitrators would do justice.

Two other witnesses testified to a conversation after the award, in which the defendants said, the sum awarded would balance the rent.

*Gold*, for the plaintiff.

*Storrs*, contra.

[ *280]

THE CHANCELLOR. There is no ground stated, and proved, for the interference of this Court. The question of rent was not submitted. This is admitted by the bill and answer. Whether the rent had been liquidated up to the day of the surrender and submission, and paid, or otherwise settled, or whether it was due or not, or would be due and payable on the first of *May*, were questions not within the submission, and they did not enter into the consideration of the arbitrators, or into their award. There is then no mistake in the award, either alleged or proved, and, consequently, no ground for the bill. The defendants ought to be permitted to go on with their action at law upon the *award. Whether the plaintiff has matter for a valid set-off to the demand at law, is not for me to determine in this suit. If he has any rent due, he can set it off. His difficulty arises, as I apprehend, from the contract of the 18th of *April*, 1815, by which it is agreed, that the lease be absolutely *vacated and surrendered*, and the articles of stock and furniture on the farm *forthwith returned*. This surrender did, probably, in judgment of law, extinguish the

growing rent; (*Bain* v. *Clark*, 10 *Johns. Rep.* 424.) and unless it be charged and shown, that this contract, in that part of it, was founded in fraud, imposition, or mistake, there can be no relief here. It is sufficient, however, to say, that the bill is not founded on any such allegation. The true point submitted, was the sum that the one party or the other was to pay for being delivered, by the surrender, from a good or bad bargain, as it respected *the whole term;* without reference to the question, whether the surrender, *in presenti*, extinguished the rent growing, and not due when the lease was given up. This, I think, was the meaning of the articles of submission, and the parties certainly put that construction upon them, by not bringing the question of rent before the arbitrators. The arbitrators determined *secundum allegata;* and there can be no complaint of the award, because they did not investigate and decide a point not brought before them. It may well be that the plaintiff did not intend to extinguish the growing rent, by the acceptance of a surrender before the rent became due. He ought, then, to have raised that point before the arbitrators, or have come into this Court, on the ground of a mistake in the articles of the 18th of *April*, if he felt himself able to show it. As the case stands, I do not see how I can be authorized to set aside the award.

<div align="right">1816.

SHEPARD
v.
MERRILL.</div>

<div align="center">Bill dismissed, with costs.