THE PEOPLE'S BANK OF THE CITY OF NEW YORK, Respond-- ent, v. JOHN W. MITCHELL, Appellant.

By the terms of a lease, the lessee, aside from the rent reserved, cove-- nanted to pay all taxes and assessments levied and assessed during the term. In case of failure to perform any of the covenants, the lessor was entitled to re-enter. In case the lessee built permanent buildings on the premises during the term, and performed all the covenants on his part, it was covenanted that the lessor should, at his option, at the expiration of the term, either give a new lease for a further term, or pay to the lessee the value of the buildings; the rent for the new term and the value of the buildings to be ascertained by two appraisers, one to be nominated by each party, the nominations to be made not more than one year, and at least five months before the expiration of the term. Upon a nomination being made by one, in default of a nomination by the other within one month thereafter, the person nominated was authorized to appoint his associate. The lessee erected a building on the premises. The lease expired May 1, 1867. The lessee failed to pay the taxes for the year 1866. Within the time prescribed by the lease he gave notice to the lessor of the nomination of an appraiser, and the lessor nominated one on his part. The appraisers met and determined the value of the build- ing. At the time of the appointment of appraisers the lessor had no knowledge that the taxes were unpaid; he declined to give a new lease, took possession at the end of the term, and refused to pay the appraised value of the building. In an action to recover the same, held, that the action was not maintainable; that the payment of the taxes was a condition precedent, the performance of which, in the absence of evidence showing a valid excuse for non-performance, was essential to fix the lia-- bility of the lessor; that the appointment of and submission to the appraisers and the appraisement did not, under the circumstances, affect the rights of the parties; that it was not a waiver of performance of the covenant, nor did it estop the lessor from claiming non-performance : 1st. Because at the time there was no default, the lessee having the whole of the term in which to perform. 2d. Because of ignorance on the part of the lessor that the taxes remained unpaid.

Also held, that there was no ground under the complaint and evidence upon which a court of equity should interfere to relieve the lessee from the consequences of his failure to perform.

(Argued April 8, 1878; decided April 23, 1878.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a

judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought to recover the value of certain buildings erected by plaintiff's assignor upon premises leased by him of defendant's grantor.

The referee found substantially the following facts:

In February, 1855, a lease of certain premises in New York city was executed by D. Lynch Lawrence as lessor, and H. H. Winans as lessee, for the term of twelve years from the first of May following, at the yearly rent of $400, payable quarterly. The defendant became thereafter the owner of the premises; plaintiff is the assignee of the lessee. The lease contained covenants as follows: That the lessee and his assigns will pay the rent at the times limited for the payment thereof, and "shall also pay, bear and discharge all such duties, taxes, assessments and payments, as shall during the term be laid, levied, assessed or imposed on, or grow due or payable out of, for, or by reason of the said demised premises, or any part thereof, except for cutting through or widening a street; and shall also, on the determination of the estate hereby granted, deliver up the said premises within good and sufficient fence into the possession of the party of the first part, his heirs or assigns, without fraud or delay; that if the party of the second part, his executors, administrators or assigns, shall cause to be erected and built on the premises hereby demised any substantial building or buildings, and in case of damage or destruction by fire, or other casualty, shall repair or rebuild the same, so that such building or buildings, well and sufficiently repaired or rebuilt and finished, shall be standing on the said premises at the expiration of the said term, and shall perform all the other covenants, stipulations and agreements on his part to be performed, then the party of the first part, his heirs or assigns, shall, at the expiration of the said term, at his or their option, either grant unto the party of the second part, his executors, administrators or assigns, at the expense of the latter, a new lease of said premises for a further term of ten years thence next

ensuing, at such annual rent as shall then have been agreed upon by the parties, or ascertained as hereinafter provided (but not less than the rent reserved by these presents), or then pay to the party of the second part, his executors, administrators or assigns, the just and fair value, to be ascertained as hereinafter provided, of any building which may be built and constructed by the party of the second part, and which may then be standing on the said premises ; and to ascertain the value of any such building as may be standing on the said premises, and the augmentation of rent, if any, upon granting such new lease," the lease further provided that each party to the lease or assigns, etc., should nominate in writing an appraiser ; this nomination to be made not more than a year, and at least five months before the expiration of the lease, and if one party nominated an appraiser and the other party failed to nominate within a month thereafter, then the appraiser nominated should appoint and associate with himself another appraiser, and the appraisers thus selected, in case of their difference in judgment, could add a third by ballot ; and it was declared that the decision of the three appraisers " as to the value of said building, and as to the amount of such rent for a new lease shall be final and conclusive." The lessee in 1855 or 1856 erected a building on said premises. The plaintiff nominated an appraiser on the 10th of November, 1866, and served notice upon the defendant who, on the 1st day of December, 1866, gave notice of a similar appointment on his part ; the appraisers made and delivered their decision about the 26th of January, 1867, fixing the value of the building at $1,200, and the rent for a new term at $700 per year. Plaintiff did not pay the taxes on the property for the year 1866. The lease expired May 1, 1867, when the defendant declined to execute a new lease and took possession. The referee gave judgment for the appraised value of the building, deducting the unpaid taxes.

Further facts appear in the opinion.

*A. B. Crane,* for appellant. The covenants and stipu-

lations in the lease were conditions precedent, and their
performance was absolutely requisite to fix defendant's
liability. (*Pike* v. *Butler*, 4 N. Y., 360; *Oakley* v. *Morton*,
11 id., 25; *Morris* v. *Sliter*, 1 Den., 59; Comyn's Dig.
Action, C. & E.; *Clark* v. *Crandall*, 27 Barb., 73; *Porter*
v. *Shepherd*, 6 T. R., 312; *Friar* v. *Gray*, 4 H. of L.,
565; *Grant* v. *Johnson*, 5 N. Y., 247; *Brown* v. *Weber*, 38
id., 187; *Kerr* v. *Purdy*, 51 id., 629; 4 Kent's Com. [m. p.],
125, and notes.)    Until these covenants were shown to
have been performed, or some sufficient excuse for their
non-performance, or a waiver of performance shown, no cause
of action existed.    (*Job* v. *Bannister*, 4 K. & J., 374; *Lawton*
v. *Sutton*, 9 M. & W., 795; *McIntyre* v. *Clark*, 7 Wend.,
330; *Pres't, etc., D. & H. Canal Co.* v. *Pa. Coal Co.*, 50 N.
Y., 269; *Glacius* v. *Black*, id., 145.)   Plaintiff to recover
was bound to allege a performance of these conditions pre-
cedent, and if performance was denied to prove it.    (Code,
§ 162; Chitty on Pled'gs, 309; *Oakley* v. *Morton*, 11 N. Y.,
33; *Clark* v. *Crandall*, 27 Barb., 73; 1 Greenl. on Ev., §
78.)    There was no ground upon which a court of equity
would intervene to relieve from a failure or neglect to per-
form these conditions. (*Pike* v. *Butler*, 4 N. Y., 360;
*Benedict* v. *Lynch*, 1 J., ch. 379; *Hatch* v. *Cobb*, 4 id., 569.)
The referee erred in finding for plaintiff after finding that
the taxes for 1866 were not paid by plaintiff before the end
of the term.    (2 Story's Eq., §§ 1314–1324; 2 Dan. Ch.,
[4th ed.], 1657; *Flagg* v. *Munger*, 9 N. Y., 500.)    To make a
just compensation defendant must be placed as he was before
taking possession so as to exercise his option to give a new
lease or pay for the building.    (2 Story's Eq., § 1324; Wil.
Eq., 56; *Reynolds* v. *Pitt*, 19 Ves., 134; *Sparks* v. *Liv.
Water Works Co.*, 13 Ves., 428.)    If this had been an
equitable action instead of one at law no relief could have
been obtained. (Story's Eq., §§ 1314–1323; *Hill* v. *Barclay*,
16 Ves., 406; 18 id., 63; 4 Kent's Com. [m. p.], 125; *Wells*
v. *Smith*, 7 Paige, 22 ; 1 Platt on Corp., 733–753 ; *Wells*
v. *De Leger*, 1 Daly, 39–45; *Reynolds* v. *Pitt*, 19 Ves.,

134.) The consent to an appraisement by defendant was
neither *prima facie* evidence of a performance by plaintiff,
nor of a waiver of performance by defendant, nor was.
it an estoppel. (*Roberts* v. *Opdyke*, 40 N. Y., 259; 1.
Story on Con., § 48; *Raff* v. *Rinalde*, 55 N. Y., 664;
*Jackson* v. *Cuyler*, 1 J. Cas., 125; *Gray* v. *Blanchard*, 8.
Pick., 292; *French* v. *New*, 28 N. Y., 147; 4 id., 360;
*Gardner*.v. *Clark*, 21 id., 399; *Eddy* v. *Graves*, 23 Wend.,
82; *Suydam* v. *Jones*, 10 id., 181; *Allen* v. *Jaquish*, 21 id.,
628; *Dodge* v. *Crandall*, 30 N. Y., 306; *Collins* v. *Tobias*,
26 id., 217; *Smith* v. *Brady*, 17 id., 189; *Giles* v. *Caines*,
3 Cai., 107; *Garlingham* v. *Whitwell*, 51 Barb., 208; *Martin* v. *Angel*, 7 id., 407; *Rice* v. *Denny*, 54 id., 277; 2 Pars. on
Con. [6th ed.], 793, 801; *Shipley* v. *Abbott*, 42 N. Y., 448.)

*John Clinton Gray*, for respondent.   Proof of the submission having been made, and of an award following thereon,
the court will not interfere with it, unless fraud, corruption
or misbehavior in the arbitrators or appraisers be shown.
(*Van Cortlandt* v. *Underhill*, 17 J. R., 405; *Shepard* v.
*Merrill*, 2 J. Ch., 276; *Winship* v. *Jewett*, 1 Barb. Ch.,
173, 184; *Sheppard* v. *Watrous*, 3 Cai., 166; *Munroe* v.
*Allaire*, 2 id.; *Perkins* v. *Giles*, 53 Barb., 342; *Perkins* v.
*Wing*, 10 J. R., 143; *Efner* v. *Shaw*, 2 Wend., 567–570.)
After the submission to appraisement, the relation of vendor
and vendee existed between defendant and plaintiff.   (*Viany*.
v. *Ferran*, 5 Abb. Pr. [N. S.], 110; Blackwell on Tax Titles,
§ 401; *Maul* v. *Rider*, 51 Penn. St., 377; *Lloyd* v. *Lynch*,
28 id., 419.)   The default in payment of the tax of 1866
was a technical forfeiture which equity will relieve against.
(*Skinner* v. *Dayton*, 2 J. Ch., 535; *Davis* v. *West*, 12 Ves.,
475; *Garner* v. *Hannah*, 6 Duer, 262, 273; *Crawford* v.
*Waters*, 46 How. Pr., 214; *Livingston* v. *Tompkins*, 4 J.
Ch., 415; *Carpenter* v. *Catlin*, 44 Barb., 75; *Spaulding* v.
*Hallenbeck*, 39 id., 88; *Rose* v. *Rose*, Amb., 332.)

MILLER, J.   The provisions of the lease which constitute.
the basis of this action secured to the lessee, on conditions.

therein expressed, a further term, or the payment of the just and fair value, to be ascertained by appraisers to be nominated by the parties, of any building which might be built and constructed by the lessee, and which might be standing on the premises. To enforce a covenant of this character the plaintiff should establish that he has a right to recover the value of the building erected by him ; and as preliminary to sustaining such a right was bound to fulfill all the covenants and conditions precedent contained in the lease. It provided among other things that the lessee should pay all taxes during the term, and contained a condition that if the lessee should fail to perform any covenant or condition, that it should be lawful for the lessor to re-enter, repossess, have and enjoy the premises. The performance of this covenant by the plaintiff precedes in time the provision for the renewal of the lease or the paying for the building by the defendant, as therein provided ; and until the plaintiff had fulfilled this condition, he had no remedy at law against the defendant. The authorities are numerous which uphold this doctrine. (*Pike* v. *Butler*, 4 N. Y., 360; *Van Cortlandt* v. *Underhill*, 17 Johns., 405; *Shepard* v. *Merrill*, 2 Johns. Ch., 276; *Winship* v. *Jewett*, 1 Barb. Ch., 173.)

In a case where a lease is executed with a rent reserved and with a proviso that the lessee may determine the lease on a previous notice, the payment of rent and the performance of other covenants are conditions precedent, and their fulfillment is essential to fix the defendant's liability. (*Porter* v. *Shephard*, 6 Term [D. & E.], 665.) The same rule applies in cases of a kindred character. (*Brown* v. *Weber*, 38 N. Y., 187; *Kerr* v. *Purdy*, 51 id., 629.) No action can therefore be maintained until such covenants are performed, or some sufficient excuse is made for their non-performance, or until it is shown that they are expressly or by operation of law waived by the party to be affected thereby. (*Glacius* v. *Black*, 50 N. Y., 145; *Lawton* v. *Sutton*, 9 Meeson & Welsby, 795.)

The plaintiff in his complaint has alleged that he has in all respects performed and fulfilled the covenants and conditions of the lease, as he was bound to do in order to make out a cause of action, and the answer denies such allegation. Upon the trial the question of performance was an issue in the case, and without proof of performance, as already stated, no recovery could be had. It appeared upon the trial, and the referee has so found, that the taxes for the year 1866 were not paid by the plaintiff, and that this covenant was not fulfilled by him. It also appears from the findings that no evidence was offered showing any excuse, mistake, inadvertence, or surprise on the part of the plaintiff, or fraud or deception on the part of the defendant. The plaintiff, therefore, by his own evidence, shows that he is in default, and that he has not fulfilled an important covenant of the lease under which he claims to recover. Under such circumstances it is not apparent how the alleged failure to fulfill can be excused. The plaintiff relies upon the agreement which bound the parties to submit the value of the building standing on the premises to appraisement, in the event of the refusal to allow a new lease, and the submission of the parties, as well as the appraisement made in pursuance of the same — and it is claimed that such submission having been made, that the court will not interfere, unless fraud, corruption or misbehavior in the arbitrators or appraisers is shown. This is the usual rule, no doubt, in cases where the subjects-matter of dispute have been fairly and legally submitted by parties to arbitrators selected by them, and an award made in accordance with such submission. After such an award is made, the parties are precluded from further litigation. The cases, however, to which the rules stated apply are those where the proceedings in reference to the submission are beyond any question, and are made in view of a state of facts which is conceded by both parties to exist, and not where there is a mistake as to the true state of the case. In the case at bar the lease required the appointment of appraisers to be made at least five months before the term expired, and, in default

of a nomination being made and notified by the other party, for the space of one month thereafter the person nominated was authorized to appoint another person to act with him ; thus, if there was such failure, virtually giving the right of appointment of both appraisers to the plaintiff. The defend- ant, therefore, was under the necessity of making a selection. or of losing a chance to participate in the appraisement ; and the appraisers were to pass upon the rental value of the premises and the value of the building, and were to make their decision at least three months before the expiration of the term. By the lease the plaintiff had until the end of the term to perform his covenants and agreements, and if he did. it before, then he was not in default. Hence, if the defend- ant had refused to appoint, because of a failure to pay the taxes, the plaintiff could have proceeded with a partial and. one-sided appraisement, and immediately before the close of the term paid up the taxes, fulfilled the conditions of the lease, and the defendant would be made liable. The consent. to an appraisement by the defendant and the naming of an appraiser was not evidence of a performance by the plaintiff, nor of a waiver by the defendant, and did not operate as an estoppel upon the defendant. He had a right, as is quite obvious, to insist upon a performance, after the submission had been made, and hence no waiver was legitimately to be inferred. from his acts. (*Pike* v. *Butler, supra ; French* v. *New,* 28 N. Y., 147.) The most which can be urged in favor of a waiver is, that the defendant consented to the appointment ; and. this is not sufficient to constitute such waiver. At the time when the nomination was made the defendant had no knowl- edge that the plaintiff had not complied with the covenants of the lease as to the payment of taxes or of rents. An irregularity, not known to him at the time, cannot be waived. The question of waiver is one of intention. The law does not adjudge that an act done without knowledge of a default amounts to a waiver, and the rule is well established that when a plaintiff seeks to enforce a contract by an action, he is not entitled to recover where its true interpretation depends.

upon the condition of performance by him, unless perform-ance is shown, or unless actual waiver is proved, with full knowledge of the facts. (*Smith* v. *Brady*, 17 N. Y., 189; *Catlin* v. *Tobias*, 26 id., 217.)

It is urged, in order to assail the award, or to avoid the obligation imposed by it, the defendant should have commenced an action to set it aside, or upon suitable allegations have asked for the same relief affirmatively in his answer. The consent to the appointment was shown to have been given without knowledge of the failure to perform the conditions precedent, and that as well as the making of the award in a case of this kind could not affect the rights of the parties, as the default may have occurred after the award was made. Performance of a condition precedent was essential to make out the plaintiff's case without regard to the award, and hence no action of the defendant was required to avoid the award or the effect thereof. For the reason last stated it follows that no new relation was created by the submission or appointment which would deprive the defendant of his right to set up a failure to perform the conditions precedent as a defense.

The counsel for the plaintiff seeks to avoid the effect of the default in the payment of the taxes, upon the ground that there was only a technical forfeiture, which a court of equity will relieve. Equity will relieve against a breach of covenant for the payment of money, where the covenant is in the nature of a penalty or forfeiture, and designed merely as a security to enforce the principal obligation, and in such cases only where, by the payment of money, the parties can be put in the same position as if there had been no default. (Story's Eq. Jur., §§ 1314–1323; *Sanders* v. *Pope*, 12 Ves., 291; *Davis* v. *West*, id., 475.) So, also, in case of mistake, accident, fraud or surprise, relief may be obtained in equity; but the rules stated, which are sometimes invoked to prevent injustice have no application where, as in the case at bar, the mode of determining the rights of the lessor, or his assigns, to a new lease or to payment for his building are expressly

provided for, and the liability of the defendant as specified is dependent upon the performance of conditions precedent which have not been performed. There is no ground upon which a court of equity should intervene to relieve the lessee from the consequences of a failure or neglect to perform. (4 Kent's Com., *125, note c. [11th ed.]; *Wells* v. *Smith*, 7 Paige, 22.)

The plaintiff's complaint alleges a performance in all respects. The action was tried upon this basis, and equity has no power to grant relief on a ground not claimed or presented. It cannot make a new and a different contract for the parties; nor was this sought to be done by the plaintiff's complaint. If an equitable action had been brought, asking relief from the effect of a condition precedent, upon the ground that a just compensation could be made, the defendant might have shown that justice could not be done by the payment of money, or a lease for one additional term, provided that he had executed a lease to another party, relying on the failure of the plaintiff. The application of the doctrine of compensation deprived the defendant of his option reserved in the lease, or of any such defense as we have stated. Compensation rests upon the principle that the parties will be placed in the same position as if there had been no default. (Story's Eq. Jur., *supra*.) In this case, to make compensation, the defendant should be placed back where he was before taking possession, so as to exercise and enjoy the privilege either of executing a new lease, or of paying for the value of the building. (Will. Eq., 56; 2 Story's Eq., 1324.) This could not be done under the judgment.

It may also be remarked that an action at law having been brought, alleging performance, and the case tried upon such an issue, it is too late to convert the action into one for equitable relief, even if such an action would lie. (*Arnold* v. *Angell*, 62 N. Y., 508; *Bradley* v. *Aldrich*, 40 id., 504.) The plaintiff presented no case for relief, on the ground that a compensation could be made within any of the authorities which have been cited by him, or to which we have been

referred. No presumptions, we think, arise in favor of the plaintiff, that there had been no breach of the covenant by him, because the defendant did not take possession until at the regular expiration of the term; or if there had been any breach, that his entry in May, 1867, was a waiver of the same.

The question presented, whether the building erected on the demised premises was substantial, and came within the requirements of the lease, is not material, if the views expressed are well-founded.

No other points made require discussion ; and after a careful examination of all the questions arising we are constrained to hold that the judgment was erroneous.

It must, therefore, be reversed, and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.