By the Court.—Dugro, J.
The lease in this case provided among other things, that if the lessees, their executors, administrators or assigns, should fully and faithfully perform all and singular the covenants, stipulations and agreements on their part to be fulfilled, that the lessors would at the end of the term grant a new lease, or at their (lessors’) option pay for the dwelling *293 house which the lessees covenanted to erect on the demised premises. The lease also provided that the lessees would within a certain time erect a dwelling house on the lot that was leased. The lessees also covenanted that they would not assign or sub-let the said premises or any part thereof, or any part of their term or time without the consent of the lessors.
After the execution of the lease the defendants (the lessors) executed another instrument wherein, for the consideration of five hundred dollars, they released and discharged the lessees and their assigns from the covenant to build contained in said lease, and in the same instrument they expressly permitted the lessees to assign the lease to Martin McIntosh, on the express agreement and understanding that the said Martin McIntosh should not at any time thereafter during the term of said lease let all or any part of said premises, or assign the same or any of the term to any person whomsoever, without the consent of the lessors in writing.
The said agreement further provided “ that the said lease in all its parts shall be acted upon by the respective parties as though such covenant to buildjiad not been made and inserted therein, and all other parts of said lease shall be interpreted accordingly.” Plaintiff accordingly took possession under said agreement. At the expiration of the term, on the defendants’ refusal to renew the lease, the plaintiff brought this action to compel specific performance of the covenant to renew.
He alleged in the complaint that all the covenants and conditions of the lease were complied with on his part; that by permission of, and agreement with the defendants, he erected on said premises a building other than a dwelling house, to be used for business purposes, which building the defendants accepted in lieu of the dwelling house mentioned in the lease; that afterwards and with the consent of the defendants, he assigned the lease to Martha McIntosh, who afterwards and with full knowledge of the defendants, re-assigned the same to him.
*294 All these allegations were denied by the defendants, and thus the performance of everything necessary to entitle plaintiff to a renewal was made the issue in the case. All the facts were determined against the plaintiff by the trial justice.
That plaintiff should not assign or underlet the premises was, by express covenant of the parties, made a condition precedent to the right of renewal.
Plaintiff must show performance by him, or some sufficient excuse for non-performance, or show that the covenant was expressly or by operation of law waived by defendants, with full notice of the facts. Glacius v. Black, 50 N. Y. 145; Smith v. Brady, 17 N. Y. 189; Catlin v. Tobias, 26 N. Y. 217; People’s Bank v. Mitchell, 73 N. Y. 406.
We think there was sufficient evidence to sustain the conclusions of the trial judge, that the leasings and various sub-lettings were not made with the knowledge or consent of the defendants, consequently they did not waive this covenant. It is found as matter of fact that when they received rents they did not know that the lease was assigned, and that the premises were sub-let. Without knowledge of violation there can be no waiver. And the rule is well established that where a party seeks to enforce a contract by action, he is not entitled to recover, unless performance by him of its conditions are shown, or unless actual waiver is proved with full knowledge of the default.
This is a harsh case for the plaintiff, who, supposing he would get a renewal of his lease, or be paid for the building, spent twelve thousand dollars in the erection of a factory on the defendant’s lot. But the difficulty with the case is, that all the facts have been found against the plaintiff, and the court should apply the law to the facts as found. .
The defendants, though a religious corporation, have a right to insist upon the letter of the bond in the lease, *295 even though the enforcement of their demand works great injury to the plaintiff.
Judgment affirmed with costs.
Sedgwick, Ch. J., concurred.