HESTER BATES, ALTHEA SCHMID and ISAIAH KEYSER, Appellants, *v.* WILLIAM H. JOHNSTON, BENJAMIN B. JOHNSTON and LUCRETIA JOHNSTON, Respondents, Impleaded with MARY BINGHAM, Appellant.

*Landlord and tenant — a covenant to pay rent, and a covenant to pay at the expiration of the lease one-half of the appraised value of buildings erected by the tenant, when dependent covenants.*

A lease of certain premises in the city of New York contained covenants for the payment of rent, taxes, etc., by the lessees, and a grant, in consideration thereof, for the period of twenty-one years from May 1, 1867. It further provided, that in case of the non-payment of rent, or, if default should be made in any of the covenants contained in the lease, that the lessors should have the right wholly to re-enter upon said premises and remove all persons therefrom, and the same to have again, repossess and enjoy as in their first and former estate. The lessees covenanted to erect a building upon the demised premises of certain dimensions, which it was agreed should, at the expiration of the term, be appraised, and either one-half of the appraised value be paid to the lessees or that the lessors would give a renewal of the lease.

The lessees made default in the payment of rent and taxes during the term, and, in December, 1879, were dispossessed in summary proceedings.

The term of the original lease having expired in May, 1888, an action was brought by the successors of the lessees to have the value of the building, which had been erected by the lessees, appraised and to have one-half of its appraised value paid to the plaintiffs.

*Held,* that the provision of the lease that in case of a default upon the part of the lessees the lessors might re-enter and enjoy the premises, as in their first and former estate, showed an intention that, in case of a default upon the part of the tenants, the whole estate should revert to the lessors unincumbered by anything that the lessees might have done.

That the covenants as to the effect of a default, and as to the right to recover the appraised value of the building, were to be considered dependent, and not independent, covenants.

Appeal by the defendant Mary Bingham from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 20th day of December, 1889, dismissing the complaint and awarding judgment to the defendants, William H. Johnston, Benjamin B. Johnston and Lucretia Johnston, against the plaintiffs, and against Mary Bingham; also an appeal by the plaintiffs from the same judgment.

The action was brought upon a covenant made by the lessors in a lease, dated November 19, 1866, to pay at the expiration of the

term granted, twenty-one years from May 1, 1867, in default of their granting a renewal for a like term, one-half of the appraised value of the buildings to be erected by the lessees on or before the 1st day of May, 1868.

*James M. Bishop*, for the plaintiffs, appellants.

*L. Sanders*, for defendant Bingham, appellant.

*Thompson & Koss*, for the respondents.

VAN BRUNT, P. J :

This action was brought to recover one-half of the value of buildings now standing on certain lots in the city of New York, which the plaintiffs claim to be due to them and the appellant Bingham from the defendants Johnston, the lessors, pursuant to the provisions of a lease of said property for twenty-one years from the 1st of May, 1867.

This lease contained covenants for the payment of rent, taxes, etc., upon the part of the lessees, and a grant, in consideration of the covenants contained in the lease, for the period of twenty-one years. It also contained a provision that, in case of the non-payment of rent or if default should be made in any of the covenants contained in the lease on behalf of the lessees, that the plaintiffs should have the right wholly to re-enter on said premises and remove all persons therefrom, and the same to have again, repossess and enjoy *as in their first and former estate*, anything therein contained to the contrary thereof in anywise notwithstanding. The lessees covenanted to erect a building upon the premises of certain descriptions and dimensions, and the lease contained a mutual covenant by the parties that, at the expiration of the aforesaid term, the buildings upon the premises should be appraised, and either one-half of such appraised value paid to the lessees or the parties of the first part would give a renewal lease.

The lessees defaulted in the payment of rent and taxes, and in December, 1879, were dispossessed by summary proceedings. The term of the original lease having expired in May, 1888, the successors of the lessees brought this action to have the value of the buildings appraised, and the sum due and payable to the plaintiffs

and the defendant Bingham, under the provisions of the lease, ascertained and determined, etc.

It might not be necessary to add anything to the opinion rendered by the learned judge who tried the cause in the court below, but, in view of the claim which is made because of the decision in the case of *Finkelmeier* v. *Bates* (92 N. Y., 172), it may not be improper to add one or two suggestions to the views which in said opinion were expressed.

It is undoubtedly true that in the case cited, where the covenants of this identical lease were under consideration, the court may have used language which might be construed into an affirmance of the claim of the appellants that the covenant to pay one-half the value of the building is an independent one, but no such question was before the court at that time, and the language used by the court was simply an answer to the question which was then before the court for its decision, and in no way was it attempted to forestall or to decide upon a claim such as is presented in the case at bar. All that was decided in that case was that the time fixed in the covenant to pay for the building was the expiration of the term, and that that phrase related to time, and not to the estate of the lessee.

The provision of the lease in regard to re-entry was to the effect that, in case of a default upon the part of the lessees, the lessors might re-enter, repossess and enjoy the premises in question as in their first and former estate. Now, if the lessors were under an obligation to pay for these buildings at the expiration of the term mentioned in the lease, and such obligation was a lien upon these premises, how was it possible for them to re-enter, have again, repossess and enjoy as in their first and former estate? Here is a clear intention shown by the contract itself that, in case of a default upon the part of these tenants, the whole estate shall revert, unincumbered by anything that the lessees may have done, to the lessors, who shall hold the premises thereafter as in their first and former estate. This seems to be a clear definition of the rights of these parties; and it seems to us that these covenants were considered by the parties to be dependent, and not independent. The lessees were to enjoy the premises and to have a right to payment for the buildings or a renewal of the lease upon condition of their performing the covenants contained in the lease. This necessarily followed from

the fact that continued enjoyment of the premises by the lessees was undoubtedly contemplated, because the covenant for the payment for the buildings is coupled with a covenant to renew the lease, which would be impossible if the lease had ceased to exist years before the time to claim such a renewal had arrived. All these circumstances show clearly that the condition upon which the tenants were to be in a position to claim payment for the buildings was a compliance with the covenants in the lease. The grant is made in consideration of the rents, covenants and agreements mentioned in the lease. They were the consideration for the grant, and to say that the lessees may repudiate the consideration which they have to pay, and then claim performance of the covenants on the part of the lessors, does not seem to be equitable or just, and we do not think is the law.

We think, therefore, that the judgment should be affirmed, with costs.

BRADY and DANIELS, JJ., concurred.

Judgment affirmed, with costs.