## GLASER v. CUMISKY.

*(City Court of New York, General Term.  October 29, 1891.)*

1. LANDLORD AND TENANT—LEASE—COVENANTS.
   A lessee who has been dispossessed under summary proceedings for default in payment of rent cannot, in a subsequent action for the rent due, set up a counter-claim on the lessor's covenant to pay him for certain machinery erected by him on the demised premises and remaining at the termination of the lease; for that has reference to the regular expiration of the term, and payment of rent is a condition precedent to the performance of this covenant by the lessor.

2. SAME—RECOVERY OF POSSESSION—DAMAGES.
   In an action for rent in arrear the lessor is entitled to recover the reasonable expenses incurred by him in causing the removal from the premises of the lessee's large and heavy machinery by the execution of the warrant of dispossess.

Appeal from trial term.

Action by Joseph Glaser against Owen Cumisky.  There was judgment on a verdict for plaintiff, and defendant appeals.

Argued before VAN WYCK and NEWBURGHER, JJ.

*Thomas McAdam*, for appellant.  *John Fennel*, for respondent.

VAN WYCK, J.  This plaintiff, who succeeded to all of the rights of the original lessor, recovered judgment in summary proceedings commenced by him in a district court to dispossess defendant, the original lessee, for non-payment of rent, and now brings this action to recover such unpaid rent and his reasonable expenses incurred in removing defendant's property—heavy machinery—from the premises in execution of the warrant of dispossess.  The defendant contests such recovery, and alleges by way of counter-claim that a contemporaneous written agreement was made and delivered with the original lease, by which the original lessor agreed to pay him $1,000 for such steam boiler, engine, and pump as he should construct and place on the premises, to be paid by allowing him $500 out of the first three months' rent, which was so allowed, and the remaining $500 to be paid "on the determination of the aforesaid lease, provided said boiler, engine, and pump shall then be in good condition and repair, and that if upon the termination of the aforesaid lease a further term shall be granted," then this second payment of $500 shall be waived, and the renewal accepted in lieu thereof.  The lease and contemporaneous agreement bear the same date, and were recorded ·on the same day, in the same book and page, at the same hour and minute.  The agreement makes reference to the lease, and they both relate to the same subject-matter.  The plaintiff and defendant both contend that the lease and agreement should be construed as one instrument, and in this they are right, for the established rules of construction require that they should be read just as if the agreement was a covenant contained in the lease.  The defendant further alleges that the boiler, etc., were left on the premises in good condition, and counter-claims for the $500 under the agreement with the original lessor.  At the trial defendant was allowed to give in evidence all proof offered to substantiate the counter-claim, subject to subsequent ruling as to its materiality; and at the close of the case Chief Justice EHRLICH ruled that the counter-claim was not good in law, and instructed the jury to disallow it, to which defendant excepted.  Defendant's contention is that this agreement is a covenant running with the land and binding on the plaintiff, all of whose rights came from the original lessor.  Be that as it may, defendant's counter-

claim would not be good against the original lessor if he had remained land-
lord until the dispossession under the warrant in the summary proceedings,
and had continued owner of the property and brought this action for unpaid
rent, and of course it is not good as against plaintiff. The defendant has no
cause of counter-claim for the price agreed to be paid for the boiler, etc., at
the termination of the lease, which means at the end of the time at which the
term was to expire by the provisions of the lease, and not the termination of
the lease and term by summary proceedings for his default in payment of the
rent. He made default in such payment when due, during the life of the
term, and was removed from the premises for such default by summary pro-
ceedings under the Code, section 2253 of which provides "that such removal
of a tenant from the demised premises cancels the agreement for the use of
the premises, if any, and annuls accordingly the relation of landlord and ten-
ant," except as to landlord's right to collect rent, etc., already due and pay-
able, or for value of occupation, etc. But before either of the Codes, under
the Revised Statutes and at common law, where the lease contained a right
of re-entry for non-payment of rent, it was invariably held that the payment
of rent under a lessee's covenant to pay the same was a condition precedent
to the performance of the lessor's covenants, which by the terms of the lease
were to be performed at a time subsequent to the time at which the lessee had
covenanted to pay the rent. This rule of determining what covenants are
precedent, by having regard to the time of their performance, applies with
equal force to contracts other than leases. The rule is that, if the lease pro-
vides for a re-entry and forfeiture for non-payment of rent, the lessee will
not find any relief, even in equity, from the harsh effects of forfeiture for
such default, even though he applies for such relief before an actual re-entry
is made by warrant of dispossess, unless he first pay or tender the amount of
the unpaid and overdue rent. There is no pretense that this defendant paid
or offered to pay the overdue rent at any time. *Paine* v. *Rector, etc.*, 7
Hun, 89. There the Trinity Church Corporation had commenced, in a district
court, summary proceedings to dispossess Paine for non-payment of rent, and
he applied to the supreme court for an injunction restraining the corporation
from continuing such proceedings, asserting that the building which had been
erected on the premises by the tenant was worth $40,000, and that the corpora-
tion had covenanted to pay the value of the same at the termination of the
lease, and he was turned out of a court of equity with the admonition that he
must either pay the overdue rent or suffer the consequences of his default.
This defendant has made no offer to pay the overdue rent, and it is too late
for him to do so now, for he is barred by the judgment in the summary pro-
ceedings. *Johnston* v. *Bates*, 48 N. Y. Super. Ct. 180. There the plaintiff
leased premises to one Sturgis, who covenanted to erect a building thereon
to cost not less than $30,000, and to pay ground-rent and taxes, and the
lessor was to pay one-half of the value of the building at the expiration of the
term. The lease came by mesne assignments from the original lessee to de-
fendants. The plaintiff re-entered, for non-payment of rent, by a warrant
in summary proceedings, and then sued the defendant for unpaid taxes which
became due before such re-entry. The defendant set up a counter-claim for
one-half of the value of the building so erected, and it was held that such
counter-claim was not maintainable. So in the case of *Bank* v. *Mitchell*, 73
N. Y. 406, the same rule of law was laid down. There defendant's assignor
had demised premises to plaintiff's assignor under a lease which required the
lessee to pay rent and taxes, and the lessor to either grant a new term or pay
the value of the buildings erected by the lessee on the premises, but the de-
fendant, the assignee of such lessor, discovering that the taxes for 1866 had
not been paid as agreed, refused to either give a renewal lease or pay for the
value of the buildings so erected, whereupon the plaintiff sued him for such
value, and it was held that the action could not be maintained. See, also,

the same principle sustained in *Finkelmeier* v. *Bates,* 92 N. Y. 172.   Thus is found abundant authority for the trial judge's ruling that this defendant's counter-claim was not maintainable, and so he ruled correctly when he held that the plaintiff could recover the reasonable value of the expenses incurred by him in causing the removal of defendant's property, consisting of large and heavy pieces of machinery, from the premises, by the execution of the warrant of dispossess.   Defendant's complaint that the plaintiff was allowed, against his objection, to prove the amount which he paid for such removal, cannot avail, as the plaintiff proved by a competent witness that the amount so paid was a fair and reasonable price for the work rendered in making such removal, and the competency of the witness is shown.   The verdict was justified by the evidence, and the judgment must be affirmed, with costs.