### SHAPE v. SHAPE et al.

(Supreme Court, Special Term, New York County. March 2, 1914.)

BILLS AND NOTES (§ 141*)—RENEWAL NOTES—BREACH OF CONTRACT—RELIEF IN EQUITY.

  Where a creditor accepted a note signed by the debtor in payment of a pre-existing debt, and agreed to renew it for a year on performance by the debtor of a condition precedent, and no performance or tender thereof was made by the debtor in time, the creditor could recover on the original note, and equity would not grant relief from the default, in the absence of fraud or mistake.

  [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 338, 339, 350–354; Dec. Dig. § 141.*]

Action by William H. Shape against Robert L. Shape and others. Judgment on the pleadings for plaintiff.

Katz & Sommerich, of New York City, for plaintiff.
Putney, Twombly & Putney, of New York City, for defendants.

PAGE, J. The complaint states that on or about the 1st day of November, 1912, the defendants duly made and delivered to the plaintiff their promissory note for $5,221.57, payable one year after date, and that no part of the note has been paid, although duly demanded, and judgment is asked for the said amount, with interest.

The answers of the defendants are practically identical. They do not deny any of the material allegations of the complaint, but allege as a defense that on or prior to the 30th day of October, 1912, the defendants were insolvent, and the plaintiff had previously commenced an action against them to recover $11,308, and thereafter the plaintiff and defendants entered into an agreement in writing, dated October 30, 1912, a copy of which is annexed to the answer, whereby the action was settled for $5,221.57, to be evidenced by the execution and delivery of a promissory note of the defendants to the order of the plaintiff, payable November 1, 1913, and the defendants agreed that they would each apply toward the payment of the claims of their creditors pro rata any and all sums received by them and each of them in excess of an allowance of $4,500 per annum to each, and it was further stipulated that:

"The defendants agree to deliver an affidavit, signed by each of them, on the 1st day of November in each year during the term of this agreement, setting forth in detail the allowance made to each of them from the 1st of November of the preceding year."

The contract then states:

"Upon compliance with the condition of this agreement, and the execution and delivery of a new note, herein provided to be given, for any unpaid balance thereon, each year for a period not to exceed four years from this date."

The answers then state that the defendants did apply towards the claims of the creditors, including the plaintiff, pro rata any and all sums received by them in excess of $4,500 each, and that on the 2d day of November, 1913, the defendants Shape and Bready delivered to the plaintiff an affidavit setting forth all the moneys received by them during the previous year, and showing the application of all in excess of $4,500 each to the payment of the claims of creditors, and the defendant Wilson delivered to the plaintiff such an affidavit on December 1, 1913, and that on November 24, 1913, the defendants delivered to the plaintiff a renewal note for $5,729.18, being $5,221.-57, with interest, but the plaintiff refused to accept it, and returned it. It is then alleged, among other things, that payment of the claim of the plaintiff to the exclusion of other creditors would violate the agreement, and a judgment against the defendants would force the defendants to have recourse to the courts of bankruptcy in order to insure an equal distribution to all creditors. The same matters are then alleged by way of counterclaim, and a judgment is demanded decreeing specific performance of the contract for the renewal of the note.

The defendants have moved for a separate trial at Special Term of the counterclaim, and the plaintiff has simultaneously moved for judgment on the pleadings. After a careful examination of the lengthy pleadings set forth in the answers of the defendants, I am of the opinion that no sufficient defense or counterclaim is alleged. The defendants concede that they have not performed the condition precedent to their right to a renewal of the note. They have not on November 1, 1913, the due date of the note, tendered to the plaintiff the affidavit required by the agreement, and one of them failed to make

such an affidavit for a month thereafter.. On November 24, 1913, when the renewal note was tendered to the plaintiff, and refused, no affidavit from the defendant Wilson had yet been given to the plaintiff, and he was well within his rights in refusing the renewal.

But the defendants claim that time was not of the essence of the contract, and, though they were legally in default, equity will relieve them of their default, and compel the plaintiff to accept the renewal.. It is true that in a proper case equity will grant relief from a technical default in order to prevent injustice, but in order to obtain such relief some ground for equitable intervention must be shown, such as fraud or mistake, or relief from an inequitable forfeiture. In the present case no ground for equitable relief has been shown. The plaintiff accepted a note in payment of a just and pre-existing indebtedness, and agreed to renew it for another year when due upon the performance of a condition precedent. No performance or tender of performance of the condition has been alleged, and the time in which it should have been performed has expired. The plaintiff did not agree to renew the note a month, or two months, after it was due, but upon the presentation to him of the affidavits of the defendants and a renewal note on November 1, 1913. This is expressed in the written contract as a condition, and no ground, legal or equitable, for dispensing with this condition, and making a new contract for these parties, is apparent. Where parties to a contract clearly express a condition precedent their liability, equity will not arbitrarily dispense with the performance of that condition, and impose upon them a different liability from that which they have expressly assumed. People's Bank v. Mitchell, 73 N. Y. 406, 414; Haines v. Barber, 113 App. Div. 696, 100 N. Y. Supp. 75. The present case does not in any way involve a forfeiture. The defendant never had any right to a renewal of the note, except under the conditions stated, which conditions never were fulfilled.

The plaintiff's motion for judgment on the pleadings is granted, with $10 costs, and the defendants' motions for a separate trial of their alleged counterclaims are denied.