HARRY V. BERRY, as Administrator, etc., of ADOLPH HUMPFNER, Deceased, Appellant, *v.* AUGUSTUS VAN HORNE STUYVESANT, JR., and Others, Respondents.

First Department, November 15, 1935.

*Leopold K. Simon*, for the appellant.

*Casper J. Azzara* of counsel [*Lord, Day & Lord*, attorneys], for the respondents.

TOWNLEY, J.  This action was brought to recover damages for the breach of a covenant contained in a lease entered into between plaintiff's intestate and the defendants.  The provisions of the lease involved are as follows: " And it is mutually covenanted and agreed, by and between the parties aforesaid, that, at the expiration of the term hereby granted, the said parties of the first part, their successors or assigns, or the owners of the reversion, shall have the full liberty and choice either to grant at the expense of the lessee, his executors, administrators or assigns, a renewal of this lease for the further term of twenty-one years, thence ensuing, at such annual rent, payable half-yearly (but not less than the rent of the term herein demised), as shall be agreed upon by the said parties, their executors, administrators, successors, assigns, or the owners of the reversion, respectively; and in the event of their not agreeing upon such rent, each party shall choose a disinterested person to ascertain the same, which persons so chosen shall themselves respectively be owners in fee simple, of one or more lots of land in the neighborhood of the one hereby demised, and who shall make their award or determination in the said premises in writing under oath, and appraise and value the said lot of land hereby demised at its full and fair worth or price at private sale, considering the same as an unencumbered vacant lot, and five per cent. on the amount of their said appraisement or valuation shall be the annual rent of the said lot of land for such further term; and in case the arbitrators should differ in the amount of their appraisement or valuation of said lot as aforesaid, they shall then choose a third disinterested person, qualified as aforesaid, and the decision in writing of any two of such appraisers under oath, shall fix and determine such valuation, and five per cent. on the amount of the appraisement or valuation so fixed and

determined, shall be the annual rent of the said lot of land for such further term; in case the said parties of the first part, their successors or assigns, or the owners of the reversion, shall elect to grant such renewal, or in default of giving such renewal, said parties of the first part, their successors or assigns, or the owners of the reversion, shall pay unto the said party of the second part, his executors, administrators or assigns, the value of the said building now erected and built on the said lot as aforesaid, and then standing thereon, or the value of any other building then standing on the said lot, which may have been substituted for the said building now erected as aforesaid, which value shall have been ascertained in manner˴ as aforesaid. * * * And it is further mutually covenanted and agreed by and between the parties aforesaid, that whenever the said parties of the first part, their successors or assigns, or the owners of the reversion, shall refuse to grant a renewal of this lease as aforesaid, the said building, now erected and built on the said lot as aforesaid, or its substitute as aforesaid, and which shall be then standing thereon, shall be valued and paid for as aforesaid: Provided always, that the party of the second part, his executors, administrators or assigns, shall not be compelled to surrender the premises until such payment be made or tendered."

The claim of the plaintiff is based upon the assertion that on the expiration of the lease the defendants failed to grant a renewal or pay the value of the building on the demised premises.

The answer of the defendants sets up as a separate defense that on September 17, 1934, they duly elected to grant a renewal of the lease to the plaintiff and submitted an offer of such renewal to him, and as a second defense they allege that the plaintiff was in default in the payment of rent and taxes under the lease at the time the lease expired and because of such default was not entitled to the benefit of the clause providing for a renewal of the lease or payment for the building on the premises.

Both parties moved upon affidavits for summary judgment under rule 113 of the Rules of Civil Practice. The court below denied the plaintiff's motion but granted the defendants' cross-motion and dismissed the complaint. It does not appear whether the motion was granted upon the ground that plaintiff had lost his right to a renewal of the lease by failing to pay the rent as stipulated therein, or whether it was upon the ground that an adequate offer of a renewal of the lease had been made by the defendants.

There is nothing in the lease which makes the covenant to renew dependent upon payment by the plaintiff of the rent reserved in the lease. The two covenants are wholly separate and distinct.

Under well-established rules when the covenants are independent, the fact that the tenant was in default in the payment of rent constitutes no answer to the tenant's claim under the covenant providing for a renewal or payment for the building upon the leased premises.

The cases may be summarized as follows: If the lease provides that as a condition precedent to securing a renewal all the terms of the existing lease shall have been performed, of course the law gives effect to the contract. (*People's Bank* v. *Mitchell*, 73 N. Y. 406.) But the dependence of covenants will not be implied. (*Bruce* v. *Fulton National Bank*, 79 N. Y. 154.) Indeed the law assists in avoiding so harsh a result as a forfeiture. (*Giles* v. *Austin*, 62 N. Y. 486.) In all cases the lease is searched to determine the intent of the parties. (*Bates* v. *Johnston*, 58 Hun, 528; affd., 126 N. Y. 681.) There is nothing in the present lease to indicate that the parties intended that a failure to pay one installment of rent should cause a forfeiture.

The remaining claim that the defendants on September seventeenth elected to renew the lease and notified the plaintiff to that effect is based upon a letter in which their agent wrote: " I am instructed to say to you that they will pay $500 for the building and cancellation of the leasehold. If this is not satisfactory to you, we will renew the lease." Nothing was done by the plaintiff in response to this letter. On October tenth defendants' agent wrote referring to his prior letter and the fact he had not heard from the plaintiff, saying: " Please be advised that you are entitled to renewal only in the event that you have fully complied with the terms of your lease."

The covenant to renew the lease, being separate and independent from the obligation to pay rent, the defendants were not justified in imposing any condition upon plaintiff's right to a renewal. When defendants took this position, they destroyed any effect which might be given to the letter of September seventeenth as an offer to renew the lease.

The plaintiff, however, asserted no claim that defendants were not justified in demanding payment of the rent as a condition of a renewal. On the contrary, he entered into negotiations with the defendants and reached an agreement that the matter should be left in abeyance pending a trip to Europe to consult the heirs, agreeing that " immediately upon my return, I will pay all rent and taxes due and advise you as to whether the heirs wish to sell the leasehold or renew." On plaintiff's return, various efforts were made by the defendants to arrange for a conference to bring the matter to a conclusion. Several propositions were discussed but no definite agreement was reached.

Finally, in March, the owners (the defendants here) brought an action in the Municipal Court to recover the amount of the arrears of rent and taxes. In their complaint the landlords said: " The plaintiffs, as landlords under said lease, elected and do hereby elect to treat the defendant as a holdover tenant for a further period of one year from the 1st day of November, 1934, to the 31st day of October, 1935, on the same terms and conditions as are contained in said lease." That action was settled on June fourteenth by the plaintiff paying up the arrears of rent and taxes. Shortly after the action in the Municipal Court was instituted, the plaintiff brought this action. After the answer had been served herein and after the plaintiff had paid the arrears of rent and taxes in settlement of the Municipal Court action, the defendants through their agent on June twentieth gave plaintiff notice of their election to renew the lease.

The order granting judgment in favor of the defendants dismissing the plaintiff's complaint must be reversed. The affidavit submitted in support of defendants' motion failed to establish as matter of law either of the defenses set up in the defendants' answer. No unconditional offer to renew the lease was ever made prior to the commencement of this action and the claim by the defendants that payment of the rent could be imposed as a condition to a renewal is wholly without merit.

Whether plaintiff's conduct in agreeing to pay the arrears of rent and taxes after the wrongful demand amounted to an acceptance by him of the construction which had been placed upon the lease by the landlords is a question of fact which cannot be disposed of on these motions. The trier of the facts might find either that the plaintiff had waived his rights or that he had assented to the claim that conditions must be performed before a renewal would be given. The landlords' tender under date of June twentieth after issue had been joined in this action is not available as a defense under .the pleadings as they now stand. Whether on any theory supplemental pleadings might be served which would present the belated unqualified tender as having some force in the case is not passed on.

The judgment and order appealed from should be reversed, without costs, and the motions denied.

MARTIN, P. J., MERRELL, GLENNON and UNTERMYER, JJ., concur.

Judgment and order unanimously reversed, without costs, and the motions denied.