## WELLS *vs.* SMITH.

Where a contract for the sale of a city lot contained a provision that the purchaser should on or before a particular day specified build and enclose a house upon the front of the lot, or that in lieu thereof he should *on that day* pay to the vendor $1000 as the first payment towards the purchase money ; and the contract further provided, that if the vendee neglected or failed to perform any of the covenants therein contained at the times limited for that purpose, all his right or interest in the premises, either in law or in equity, should cease ; *Held,* that the parties had made the payment at the day an essential part of the contract ; and that the vendee, who had not attempted to build the house upon the lot, and who had without any legal excuse failed to make the payment at the time specified, was not entitled to a decree for a specific performance of the contract.

The vendor is not bound to tender a deed of the premises and to demand payment of the purchase money, except for the purpose of enabling him to affirm the contract and to recover the purchase money in a suit at law, And where the payment of the purchase money at a particular day is made an essential part of the contract, if the vendee wishes to entitle himself to a specific performance, he must tender or offer to pay the money to the vendor, at the time specified, upon the receipt of a deed of the premises.

August 28,

THIS was an appeal from the decree of the vice chancellor of the first circuit dismissing the complainant's bill. The facts of the case and the vice chancellor's opinion are contained in the report of the case before him. (*See* 2 *Edw, Ch. Rep.* 78.)

*S. P. Staples,* for the appellant.

*R. Bogardus,* for the respondent.

THE CHANCELLOR. This bill is filed to compel a specific performance of a contract for the sale of a lot of land in New-York, the complainant having failed to perform the contract on his part within the time stipulated. And the only questions are, whether upon an executory contract of sale, parties may make time an essential part of the contract, so that this court will not relieve against a non-compliance at the day ; and whether it was the intention of the parties in this case to make the payment of the money on

or before the time stipulated an essential part of the agreement.

1837.

Wells
v.
Smith.

There cannot be a doubt that it was the intention of the parties in this case to make the time specified an essential part of the contract. It is hardly possible to make language more explicit. The contract was, that if the complainant failed or neglected to perform all or any one of the covenants therein contained on his part, *at the time or times therein before limited,* then and in such case all the covenants and agreements on the part of the defendant should cease and be absolutely void ; and all the complainant's right or interest in the premises either *in law or equity* should cease, &c. And one of the covenants on the part of the complainant was, to build and enclose a house upon the front of the lot on or before the first of August, or in lieu thereof, that he should *on that day* pay to the defendant one thousand dollars as the first payment towards the purchase money. The complainant had his election to do one or the other, as was most convenient for him ; but if he did neither, it was unquestionably the intention of both parties that the defendant should be no longer bound by the contract. And although Mrs. Smith afterwards consented to modify the contract, so far as to permit him to pay the whole instead of a part only of the purchase money on the day—he not having attempted to build the house—she gave him fair notice that if he suffered the day to pass, without paying the amount stipulated in the contract, she should avail herself of the condition expressed in the agreement and refuse him the deed.

The vice chancellor is right in supposing that the defendant was not bound to prepare and tender the deed until the complainant paid or offered to pay the money. If she wished to compel a performance of the agreement and recover the money, in a suit at law upon the covenants, it might be necessary perhaps that she should have made a tender of the deed, and offered to deliver the same upon the payment of the $1000 and the delivery of a bond and mortgage for the residue of the purchase money. On the other hand, if the purchaser wished to comply with the contract *so as to have the benefit thereof,* he should have

tendered the money at the day; or have offered to pay the same, and to execute the bond and mortgage for the residue, upon the delivery to him of a deed of the premises. And if he wished time to examine as to the validity of the vendor's title, he should have called for the abstract of title in season to enable his counsel to examine the title before the day upon which the money was to be paid and the conveyances executed. But he had no right to call upon the defendant to make out the deed itself, or to furnish him with a draft thereof, previous to the time when the deed was by the terms of the agreement to be delivered.

As to the power of the vendor, or of the purchaser, to make the performance of a condition precedent essential to the vesting of a legal or equitable right in the adverse party to a specific performance, I have no doubt; though this court may perhaps relieve against a forfeiture where it would be unconscientious to insist upon a strict and literal compliance. Thus if a vendor, after he had received the greater portion of the purchase money, should attempt to enforce a forfeiture of the money paid, under a stipulation that he might keep the whole amount thus received and the premises also if the last payment was not made at the day, I am not prepared to say that this court would not interfere to compel him either to accept the last payment and convey the premises, or to restore the purchase money already paid; after deducting a reasonable allowance for the use of the premises in the mean time.

In this case, however, the interest of the money till the first of August, and the shop which the complainant agreed to leave on the premises if he did not perform his part of the contract at the day, are not probably more than the value of the use of the premises in the meantime and of the chance of gain to the purchaser by the probable increase in the value of the property. They may, therefore, very properly be considered as reasonable stipulated damages for the non-performance of the contract by the vendee at the time fixed upon by the parties, and are not properly a forfeiture. Although in theory the interest is

supposed to be a fair equivalent for the non-payment of money at the time agreed upon, we all know that in point of fact, the person to whom it is due frequently sustains great losses in consequence of the disappointment, which the legal rate of interest cannot compensate. On the other hand, it frequently happens that the perfecting of the title and the delivery of the possession of the premises at the time contemplated by the purchaser is of essential benefit to him; which cannot be compensated by damages which are ascertainable by the ordinary rules of computing damages. It would therefore not only be unreasonable, but entirely unjust, for any court to hold that parties, in making executory contracts for the sale or purchase of real estate, should not be permitted to make the time of performance an essential and binding part of the contract in equity as well as at law, where, as in this case, the other party was fully apprised of the intention to insist upon a strict performance at the day.

Here there was no such impossibility as might not have been foreseen and provided against by proper care and vigilance. Under such circumstances, if the property had very much increased in value after the making of the original contract, the defendant is fairly entitled to the benefit thereof under the agreement by which the complainant contracted to relinquish all claims upon the property, *either at law or in equity*, if he did not comply with the terms of the agreement at the day. And as there is nothing inequitable or unconscientious in her insisting upon this part of the contract, I think the vice chancellor was right in not making a new contract for her, contrary to the understanding of both parties when they entered into this agreement.

The decree appealed from is therefore affirmed, with costs.