## GARRETSON v. VANLOON.

* In equity, *time* not usually regarded as essential, where circumstances of a reasonable nature, prevent performance within the time stipulated.

Time may be made material by express agreement, or by the nature of the contract if so intended by the parties.

When a bill is not sworn to, nor supported by proof, the facts averred in the answer and sworn to, are to be taken as true upon all points responsive to the bill.

Interest, not always an equivalent, for default of prompt payment.

In equity, as at law, the intentions of parties should prevail in such cases and when the *time* of performance, appears to be a distinct or essential feature in the contract, it should be enforced.

A bill for specific performance should be dismissed, if complainant does not aver performance, or an offer to perform his part, of the contract.

IN EQUITY.   *Appeal from Des Moines District Court.*

*Opinion by* GREENE, J.   Bill for specific performance filed in the district court of Henry County by Joseph Ferguson against John Vanloon.   Previous to trial, the death of Ferguson was suggested, and Garretson as administrator substituted.   Venue changed to Des Moines County.

The bill alleges that on the fifth day of April, 1841, Vanloon sold to Ferguson the east half of south-east quarter of section twenty-seven in township seventy, north of range six west containing eighty acres ; and executed a title bond conditioned in substance that if Ferguson should pay his promissory note given for the purchase money, amounting to one hundred and twenty-six dollars and fifty cents, on or before the fifth of October, 1841, thereupon Vanloon should execute to him a good and sufficient warranty deed for the land.   The bill also states that complainant made valuable improvements upon the land ; that defendant extended the time of payment specified in the bond until April 4, 1842 ; that the true consideration was one hundred and six dollars instead of one hundred and twenty-six dollars and fifty

Garretson *v.* Vanloon.

cents as mentioned in the bond ; the surplus twenty dollars being intended as penalty : that October 28, 1841, he turned out a horse to Vanloon worth fifty dollars or more, the price of which was to be credited on the bond, and avers a readiness to pay the balance of the purchase money. The bill appears to have been filed May 12, 1842. The allegations therein are not supported by affidavit.

The answer of Vanloon denies the allegation in the bill, that the true consideration was to be one hundred and six dollars, instead of one hundred and twenty-six dollars and fifty cents, and alleges that there was no other contract than that set forth in the bond : that the said sum of one hundred and twenty-six dollars and fifty cents was the price agreed to be paid by said Ferguson, and that by mutual agreement, time was made material in said contract ; that on the said fifth day of October, 1841, Ferguson utterly failed to pay any portion of said consideration money ; but that October 28, 1841, he went to him and offered to waive all forfeiture resulting from his failure to pay at the time stipulated, and that he would then convey the land to Ferguson, if he would pay the amount agreed upon in the bond : but Ferguson professed an inability to pay at that time, and thereupon proposed conditions, to extend the time of payment until April 4, 1842, by indorsement on the bond, and then and there turned out a horse in part payment, with the understanding that the price should be twenty-five dollars, to be indorsed upon the bond, with the extension of payment : that the horse was sold to him at the low price of twenty-five dollars as an inducement to extend the time of payment without interest ; that said Ferguson has wholly failed to pay any other portion of said consideration money, and denies that he ever tendered or professed a willingness to pay the amount due, and also denied that any improvement of value was made upon the land. The answer is properly sworn to, and no portion of it disproved by any exhibit or deposition. In this

9

condition, the cause was submitted to the court, and the bill dismissed.

The principal objection urged to this decision is founded upon the hypothesis, that time was not made a material part of the contract. This assumption is mainly derived from the rule, that courts of equity do not regard time as essential, in a contract, where circumstances of a reasonable nature, have prevented a party from strict compliance in that particular. But this rule is by no means universal. Time may be made material either by express agreement or by the peculiar nature and conditions of the contract. If to any substantial degree it becomes material to the rights and interest of the parties, or if expressly stipulated, time then becomes an important ingredient, and would now be generally regarded by courts as of the essence of the contract. *Lloyd* v. *Collett,* Bro. Ch. Cas.; 4 Ves. 686 ; 5 ib. 722, 818 ; 13 ib. 225 ; 2 Brock. 185 ; 14 Peters 173 ; 2 Edw. 78 ; 4 John Ch. 559 ; 7 Paige 22 ; 8 ib. 61 ; 3 Leigh 161. *Scott* v. *Field,* 7 Ohio, 443.

In this case it appears to have been uniformly the intention of the parties to make time an essential part of the contract. The bond explicitly requires Ferguson to pay his promissory note of one hundred and twenty-six dollars and fifty cents, by the fifth day of October, 1841, and if paid on or before that time, the said Vanloon shall thereupon make a good and sufficient warranty deed for the land. The subsequent conduct of the parties shows the interpretation they placed upon this language. It should be observed, that the bill is not supported either by affidavit or proof, and therefore the facts averred in the answer, and sworn to, are to be taken as conclusive upon all points responsive to the bill. It appears then, that Ferguson regarded the conditions of the bond as having been forfeited, and in order to obtain a renewal of them till April 4, 1842, he sold Vanloon a horse for less than his value. The application to have the bond renewed proves conclu-

Garretson *v.* Vanloon.

sively that Ferguson regarded time as an important element in the contract. The time of payment in such contracts frequently has a controlling influence. A party is often induced to sell valuable property at a price considerably less than its real value, in order to obtain the money upon a particular day to meet some engagement, or secure some object of immediate importance, and which might be entirely frustrated if the payment should not be made as stipulated in the contract. A failure of payment at the time agreed upon, under many circumstances, would defeat the very object which induced the sale, and therefore the contracting party could not be placed in the situation, he would have occupied, if the contract had been performed. In such cases, the theory, that interest is a fair equivalent for non-payment at the agreed time, falls far short of the reality. The daily experience of business life proves that such disappointments cannot be compensated, by any established rule of interest. We think therefore, that reason and justice call loudly upon courts of equity, as well as courts of law to secure the intentions of parties, in such cases. When the time of performance appears to be a distinct or essential feature in the contract, it should be considered material, and be enforced.

But there are other reasons in this case which fully justified the court below in dismissing the bill. There is nothing to show that the complainant at any time performed his part of the contract, or placed himself in a position to demand a specific performance. The answer shows that Ferguson not only failed to pay the money on the fourth of April, 1842, but also that he never tendered nor offered to tender, the money after that time.

A court of equity will not grant a specific performance of a contract to a party until he has done his duty and having called upon the other party to perform, meets with a refusal. Had the money been tendered, it is probable that the deed would have been made, and the cost and trouble

of the suit avoided, or had the money been tendered and the deed refused, there would have been some ground for equity jurisprudence.    As the party has not placed himself in a position for equitable interposition he must be left to his remedy at law.

The decree appealed from is therefore affirmed with costs.

Decree affirmed.

*J. C. Hall* and *C. Mason,* for appellant.

*H. W. Starr,* for appellee.