## SUPREME COURT.

CHARLES McWILLIAMS agt. JOHN LONG, CORNELIUS POILLON
and ALEXANDER C. POILLON.

If a party contracting to convey real estate on a certain day, desires to *rescind* his
contract, or to hold the opposite party to *performance* on the day appointed, he
must not only have his deed prepared, but *properly executed,* ready for delivery.

*It seems,* that the *time* of payment, the day of performance mentioned in the con-
tract, is not an essential ingredient in, or inducement to the execution of the con-
tract (to convey land), and may be performed within a *reasonable time.* (*See*
7 *Paige,* 22.)

Where a party contracting to purchase real estate, and to make payment on a particu-
lar day, makes his tender of payment on the next day, which is refused, although
such payment might be considered in time, and the party entitled to specific per-
formance by acting *promptly,* yet if he slumbers in that position for some five
years he loses his relief in that shape; his remedy, if any, is by an action for
damages.

*New York Special Term, April,* 1860.

ACTION to set aside an agreement to convey real estate,
as a cloud upon the title.

SICKLES and CUSHING, *for plaintiff.*
J. C. LEVERIDGE, *for defendants.*

LEONARD, Justice. The plaintiff brings this action to be
relieved from an agreement between himself and the defen-
dant (Long), for the sale of a lot of land at the corner of
Broadway and 67th street, made March 9, 1851, which the
defendant, Long, assigned to the Messrs. Poillon, and which
was recorded April 5th, 1851, and is a cloud, as the plain-
tiff alleges, upon his title, and prevents him from improving
or selling his lot. He alleges that he has always been
ready, and has offered to perform the agreement on his
part, but the defendants neglect and refuse.

The defendants, admitting the agreement, assignment
and record, deny the other facts on which the plaintiff
claims relief.

The Messrs. Poillon allege a tender of performance, and a continued readiness on their part, and demand specific performance.

The allegations constituting a counter-claim are all put at issue by the plaintiff's reply.

The plaintiff, and the defendants, except Long, who claims no interest in the question, have respectively been examined as witnesses in their own behalf, and they are entirely at variance in respect to tenders and offers of performance which the defendants, Cornelius and Alexander C. Poillon, claim to have been made by them to the plaintiff.

It is not disputed, however, that the plaintiff was notified at his residence on the premises in question, on behalf of these defendants, to attend at the office of their attorney on the day appointed for the consummation of the agreement, for the purpose of carrying it into effect, and that the plaintiff, with his wife, did attend at the place requested, with a deed of the premises duly prepared and ready for execution, between the hours of two and three o'clock P. M. on that day. That the defendant, Alexander C. Poillon, met the plaintiff there shortly after three o'clock, P. M., and that the plaintiff showed him the deed, to which no objection was made, and declared himself ready to execute it, together with his wife, and to deliver it when he saw the money which was to be paid to him.

That the defendant, Alexander C. Poillon, showed the plaintiff a check on a bank in this city for the amount due, and offered to deliver it in payment; that the plaintiff refused so to receive it, and insisted upon payment in money.

That the plaintiff, by agreement with the said Alexander C. Poillon, waited at the house of a friend who resided near the said office, in company with his wife, till about nine o'clock, P. M., to receive the money due him, and to execute and deliver the said deed. That the attorney of the said defendants during the evening offered on their

behalf to pay the amount due, partly in gold and partly in his own bank checks, but the offer was declined. This offer was made to the plaintiff's wife, but the plaintiff was in an adjoining room, and the offer was probably declined by his authority. No other offer of performance was made by either party after the plaintiff arrived at the office of the defendants' attorney, on the day when performance was due by the terms of the contract.

The defendant, Cornelius Poillon, testified at the trial, in behalf of the defendants, that at about half-past eleven o'clock, A. M., of the day when the contract was to be performed, he tendered to the plaintiff the sum of $1,450 in gold at the premises in question, and demanded a deed for the land. That the plaintiff refused the money, and said he had made up his mind not to sell his land. That no one except the plaintiff and his wife, and he thinks two or three small children were present, besides himself.

The defendant, Alexander C. Poillon, also testified at the trial in behalf of the defendants, that he, in company with Mr. Kellum, went to the residence of the plaintiff at the premises in question on the next day after the interview at the office of the defendants' attorney, with the amount due to the plaintiff in gold, or gold and silver, and tendered it to the plaintiff, and demanded a conveyance of the land. That the plaintiff refused to receive the money or make the deed, because payment had not been made at the time appointed in the contract.

Mr. Kellum also testified in behalf of the defendants, that he was present and saw the tender last mentioned, but he did not know the amount tendered.

The plaintiff, testifying as a witness in his own behalf, denies the truth of both these statements. He testifies that he never saw the defendant, Cornelius Poillon, until the time of the trial. That neither Cornelius nor Alexander ever made any tender of payment at his residence at any time or in any manner.

The plaintiff has not established a case entitling him to any relief. If he desired to rescind this contract, or to hold the defendants to performance on the day appointed, it was his duty to have his deed prepared and executed. His wife might possibly have refused to sign it, as he had agreed she should, and thus put it out of the plaintiff's power to perform his part of the agreement. This prerequisite to declaring the contract forfeited or rescinded as against the defendants is wanting. Whether the plaintiff had any right to claim that performance could not be demanded by the defendants after the day appointed by the agreement, it is not necessary to decide, although I am of opinion that the time of the payment was not an essential ingredient in, or inducement to the execution of the contract, and might therefore be performed within a reasonable time after the day named. (*Wills* agt. *Smith*, 7 *Paige R.*, 22.)

I consider the evidence as to the tender testified to by Cornelius Poillon as balanced by the counter-testimony of the plaintiff. It is certainly singular that no reference was made to this transaction at the subsequent interview at the office of the counsel for the Messrs. Poillon, or that when an interview had been appointed to take place on the same day at the office of their counsel, that they should not have on hand the same gold with which the tender had previously been made, although the defendants did not make their appearance, or know of the plaintiff's arrival, till just as the time for closing the banks had arrived.

The evidence of the tender made by Alexander C. Poillon on the next day, was corroborated by that of Mr. Kellum, and this fact is to be assumed as established in favor of the defendants.

The length of time which elapsed before the defendants, Cornelius and Alexander C. Poillon, made their claim in court for a specific performance of this contract, has however debarred them from the relief which they claim.

· Assuming that the tender which was made by Alexander C. Poillon on the 3d of June, 1851, was in time, and gave the defendants the right to then demand the aid of a court of equity to compel the plaintiff to convey to them the land, it does not follow that they can slumber in that position for five years, to ascertain whether the price of the land appreciated or declined, and then invoke the same relief from a court of equity. This relief, if desired, should have been· sought promptly. The defendants must therefore take their remedy, if any, by an action for damages.

· There was no relief sought by the complaint in any manner affecting the rights of the defendant, Long, injuriously, and there was no occasion for him to have defended.

The complaint and the counter-claim are therefore dismissed, without costs to either party as against the other.