The referee put his decision, dismissing the plaintiff's complaint, upon the single ground that the action was barred by the statute of limitations. The plaintiff excepted to the finding of the referee, on this question of law, and also to his decision to dismiss the complaint. If the *Page 201 
referee decided correctly, that the statute of limitations constitutes a bar to the plaintiff's recovery, the complaint was properly dismissed; and, if he decided erroneously upon this ground, but rendered the proper judgment, the same must be affirmed. If the plaintiff was not entitled to recover upon his whole case, — and the whole case is open to examination, when the complaint is dismissed, or a nonsuit ordered, — then the proper judgment was rendered; but if the referee erred in dismissing the complaint, then a reversal of the judgment should be ordered, and a new trial granted.
But I think the referee committed no error in his finding upon the questions of law, and in giving judgment that the complaint be dismissed.
The plaintiff was seeking to enforce an equitable right of action. If he was entitled to maintain such action, he was equally entitled to institute and maintain it, at any time since the 19th of January, 1838, when the defendant executed the deed for the four and a half acres, and declined to include in the deed the privilege in controversy. At that time, the referee finds that the exclusive privilege claimed in this suit was a matter of conversation between them. Lawrence desired a conveyance of that, as well as the land. Tilson did not convey it, assigning, as a reason, that his wife declined.
Lawrence was thus distinctly apprised that the defendant did not intend to deed the exclusive privilege. He made a deed of the four and a half acres, omitting to convey this privilege, and stating that his wife declined to sign a deed conveying the same. Lawrence, while he stated that he intended to relinquish no rights, did in fact take the deed, and gave a bond and mortgage for the whole consideration which he afterwards paid, and immediately went into possession of the four and a half acres, and has continued to occupy the same ever since; never, that we know, even claiming the exclusive privilege afterwards, till he assigned the contract to the plaintiff, in March, 1854, sixteen years afterwards and upwards. Notwithstanding what Lawrence said at the time, I think it a fair *Page 202 
presumption, after such a lapse of time, that he acquiesced in the refusal of the defendant to include the exclusive privilege in the deed, and assented to receive or regard it as given in full compliance with the contract. But if this was not so, no court of equity I think, would or should ever enforce specifically such a contract, after such a delay under the circumstances of this case, independently of the defence of the statute of limitations.
Lawrence, himself, never asked or sought a conveyance of this special privilege. This action is brought by an assignee of the contract, not by a grantee of the land conveyed, who purchased it for the consideration of one hundred and fifty dollars, March 7, 1854; soon after demanded performance, and in April afterwards commenced this action. It is obviously a speculative suit. It is not the duty or practice of the courts of equity to aid speculators in the enforcement of stale demands beyond the limit of strict legal right.
It has always rested in a large degree in the discretion of the courts of equity, to grant or refuse specific performance, and it is uniformly denied when the contract is a hard one, or the circumstances of the parties or property have changed, or the party has slept upon his rights, or for any reason the claim is unconscionable or unjust, or for any reason unequitable at the time when the aid of the court is invoked. (Seymour v.Delancy, 3 Cow., 445; S.C., 6 John. Ch., 223; 9 Ves., 608; Willard's Eq., 280; and Story's Eq., §§ 750, 751; McWilliams v.Story, 32 Barb., 194.)
The point that the right of action did not accrue till the demand made in April, 1854, is untenable. The rules applicable to the making of a demand before the commencement of a suit do not apply to equitable actions. They apply to strict legal rights. In equity the court has a discretion in respect to costs, and if an action is brought to enforce an equitable right unnecessarily and unreasonably, and without giving the defendant a fair opportunity upon request or otherwise, to allow and to satisfy the plaintiff's claim without suit, the relief may be, and ordinarily will be, granted without costs, *Page 203 
and the court, if it thinks proper, may make the plaintiff pay the defendant's costs. (Vroom v. Ditmas, 4 Paige, 535.) But the objection that a suit is brought without a technical demand is not available to bar an action in equity, if the plaintiff has otherwise a good cause of action. (Stevenson v. Maxwell, 2 Comst., 408; King v. Clark, 3 Paige, 77; Baldwin v.Salter, 8 id., 473.)
The statute of limitations in equity begins to run, as at law, as soon as the party has a right to apply to the proper tribunal for relief. (2 Story's Eq., §§ 15, 21, a; Whalley v. Whalley,
1 Bligh, 1; Ang. Lim., 41.)
Certainly Lawrence might have commenced this action the next day after the delivery of the deed of the four and a half acres, which was January 19, 1838, more than ten years before the commencement of this action.
The decision of the referee was clearly right upon the question, and the judgment of the court below in affirming such judgment should be affirmed, with costs.
All the judges concurring,
Judgment affirmed.