## LUKE v. GRIGGS et al.

1. POWER TO SELL REAL ESTATE—AGENT HOLDING HAS NO AUTHORITY TO CANCEL CONTRACT OF SALE MADE UNDER—POWER EXHAUSTED BY SALE.

     An agent, acting under a written power of attorney authorizing him to sell real estate, exhausts his power to sell as to the subject matter, and cannot cancel the sale, and make a new contract of sale to another person having knowledge of the first sale, so as to make the principal liable in damages for a breach of the second contract.

2. AUTHORITY TO MAKE A CONTRACT CONFERS NO AUTHORITY TO CANCEL. General words in a power of attorney cannot be construed to enlarge the power beyond the subject matter of the agency; and an authority to make a contract for another is not sufficient to authorize its cancellation or surrender.

Filed October 4, 1886.

Appeal from the district court of Grand Forks county.

The facts are stated in the opinion.

*Cyrus Wellington* and *J. G. Hamilton,* for defendants and appellants.

If the agent in pursuance of his authority makes a complete sale, the agency is *"functus officio,"* and therefore has its natural termination.

That the dissolution or determination of an agency may be effected by the extinction of the subject matter of the agency. Story on Agency, Secs. 481, and 499; Ewell's Evans' Agency, p. 132; Fitch's, The Real Estate Agent, 50, 1 Am. Lead. Cases, 711, (5th Ed.); Iowe v. Thiel, 25 La. Ann.; Cushman v. Glover, 11 Ill. 601; Walker v. Dennison, 86 Ill. 142; Bissell v. Terry, 69 Ill. 194; Ahern v. Baker, 24 N. W. 341, (Minn.) Civil Code, Sec. 1383.

In dealing with the agent the plaintiff took the risk of the revocation of his agency. 1 Pars. Cont. p. 71.

*James H. Bosard,* for respondent.

The only proposition established by all the authorities cited on appellant's brief, is that an executed sale revokes the authority of a special agent.

We claim that the power of the agent was not exhausted as to the property in question because he had not sold it, but only entered into an executory agreement to sell it in the future. Civil Code, Sec. 1383; Hatch v. Coddington, 95 U. S. 48; Story Agency, Sec. 470.

The remaining question to be decided is whether DeLaney had power to cancel without the consent of defendants the contract which he had made with Boutin. That he had such power has been decided. Anderson v. Coonley, 21 Wend. 279; Standard Oil Co. v. Ins. Co., 64 N. Y. 85.

CHURCH, LOUIS K., J.   This was an action for damages for breach of contract for the purchase and sale of real estate.

Prior to October 13, 1881, the defendants and appellants were the owners of lots eleven and twelve, in block twenty-two; in Grafton  and at said time one J. A. De-Laney was their agent for the sale of said lots, acting under a written power of attorney.   On the 13th of October, Delaney, as agent for the defendants, and on their part, executed and delivered to Irvin Boutin a written agreement to convey to said Boutin said lots.   On October 17, 1881, Delaney executed and delivered to plaintiff and respondent an agreement identical in its terms with the one made with Boutin, except in date and terms of payment   At the time of the making of the last agreement, the contract with Boutin was outstanding, and the respondent was aware of that fact.   At the time he and DeLaney made the last agreement respondent paid DeLaney seventy-five dollars to procure a cancellation of the prior contract of October 13, and on DeLaney's statement that he had effected such cancellation, the contract of October 17 was made.   The jury found that the contract between the plaintiff and DeLaney was executed on the 17th of October, 1881, and that the contract with Boutin was cancelled on November 24, 1881, and it appears from the evidence that this was done by defendant LaMoure in presence of defendant Griggs, and that on that day, or shortly thereafter Lamoure and Griggs sold the lots in question to another party. The evidence shows that plaintiff had no personal transaction with the defendants, but that it was with DeLaney, who claimed to act as defendants' agent.   The plaintiff testifies, that at the time he entered into the contract of October 17 with DeLaney he knew there was an outstanding contract for the sale of said lots, and he paid DeLaney seventy-five dollars for its cancellation, and DeLaney said that he would see the parties and see if they would release their promises.   The evidence nowhere shows that defendants knew anything about the payment of the seventy-five dollars or the contract made by DeLaney with

plaintiff, or the promise made by DeLaney to plaintiff to obtain a cancellation of the outstanding contract.

Defendants claim they never received the seventy-five dollars given Delaney by plaintiff to procure the cancellation of the contract made with Boutin and that DeLaney did not act for them in regard to cancelling the same, and that DeLaney had no power in any way outside of a power to contract for the sale of the lots in question. There is no contradiction of these facts on part of plaintiff, and therefore they must be considered as true.

The power of attorney dated September 29, 1881, made by defendants to DeLaney, which is the authority under which plaintiff claims DeLaney acted in his dealings with him, gave no authority to DeLaney to revoke or cancel a contract once made. The contract made by DeLaney with plaintiff was entered into at the very time there was another valid contract outstanding, and the mere fact that DeLaney may have said such outstanding contract was a verbal contract, amounts to nothing. The fact that there was an existing valid contract placed it beyond the power of DeLaney to make another valid contract relating to the same subject matter, as he had exhausted his power. Sec. 1383 Civil Code.

General words in a power of attorney cannot be construed to enlarge the power beyond the subject matter of the agency, and the power of attorney should be construed according to its spirit, with reference to its subject matter. An authority to make a contract for another is not sufficient to authorize its cancellation or surrender  Luke knew of the outstanding contract at the time his agreement was made, and he dealt with DeLaney at his peril.

Judgment reversed. All concur.