Miller v. Cameron.

WALLACE V. MILLER

v.

JOHN CAMERON.

45　95
62　209

1. Unilateral contracts for the purchase of lands may be enforced by the vendor.

2. In such case, the complainant, not being bound, must show that he is not only willing to perform all the stipulations on his part, but that he has tendered himself ready to perform them before filing his bill.

On demurrer.

*Mr. John H. Jackson* and *Mr. William K. McClure,* for the demurrant.

*Messrs. Suydam & Stillman,* for the complainant.

BIRD, V. C.

This bill is for the specific performance of a unilateral contract for the conveyance of lands. Two questions are raised by the demurrer: (1) Whether there is that mutuality presented by the bill which equity ever holds essential, and (2) whether the complainant is not in default, and therefore not entitled to the aid of a court of equity?

Miller *v.* Cameron.

1. The contract set out in the bill was signed by the defendant, the purchaser, only. He agreed to pay the consideration-money in thirty days. The vendor now files his bill to compel Cameron to accept a deed and to pay the purchase-money; having done this, is there that mutuality of obligation which must always appear before the court will lend its aid to any suitor? I think the law is with the complainant. In the case of *Howland* v. *Bradley*, only one of the parties signed; that case went to the court of last resort, and performance was decreed (*11 Stew. Eq. 288*); in which case, however, the point now commanding attention was not seriously pressed before the court. *Van Doren* v. *Robinson, 1 C. E. Gr. 256, 259; Reynolds* v. *O'Neill, 11 C. E. Gr. 223; Clawson* v. *Baily, 4 Johns. Ch. 489.* In this last case, it is clear that Chancellor Kent was disposed to hesitate on this very ground; but upon a review of many authorities, he concluded that the doctrine was firmly established, notwithstanding the doubts and criticisms of so great a judge as Lord Redesdale. See, also, *Ives* v. *Hazard, 4 R. I. 14 (67 Am. Dec. 500); Rogers* v. *Saunders, 16 Me. 92 (33 Am. Dec. 635); Garretson* v. *Vanloon, 3 Greene (Iowa) 128 (54 Am. Dec. 492).*

2. No place was named in the memorandum for the delivery of the deed; but the bill alleges that a place was mutually agreed upon, and names the place. But it is nowhere stated that the complainant has ever been ready and willing, with his deed at the place named, to tender the same to the defendant. In this, I think the bill is fatally defective. There may be, doubtless are, many cases in which the complainant would be excused from showing an offer to perform, still I cannot but think, in a case where the complainant is not originally bound—that is, is not bound at all by the contract, and cannot himself be brought into court, he should, by all means, be required to show that he had most faithfully performed every stipulation, on his part to be performed, so far as they appear upon the record. If he intends to hold the other party to the contract which he has signed, he, himself, should not be guilty of a moment's trifling, without a most satisfactory excuse. *Garretson* v. *Vanloon, supra; Hoen* v. *Simmons, 1 Cal. 119 (52 Am. Dec. 291); Wells* v. *Smith, 7 Paige*

*22 (31 Am. Dec. 274)*, in the note to which many valuable distinctions are pointed out; *Lewis* v. *Woods, 4 How. (Miss.) 86 (34 Am. Dec. 110)*, and references in note.

On the latter ground the demurrer will prevail, with costs.