and printing disbursements on this appeal. The costs to be paid, and the motion made, within 30 days after the entry and service of the order on this decision.

(70 Hun, 568.)

## FULLERTON et al. v. McLAUGHLIN.

(Supreme Court, General Term, Third Department. July 8, 1893.)

1. AUTHORITY OF AGENT—EXTENT.
    The fact that one is agent for the owner of lots, to make contracts to sell them, and has authority to insert the description in a blank left in a contract, does not give him any authority to cancel, extend, or modify the contract.

2. SAME—EVIDENCE—ADMISSIONS OF PRINCIPAL.
    Admissions by the owner of lots, during negotiations for their sale, that a certain person does all his business for him, apply only to the business of selling lots, and are not admissions that the agent has authority to change or extend a contract.

3. SAME—TERMINATION OF AUTHORITY.
    The authority of an agent to make contracts for the sale of lots presumptively terminates when contracts are made, and the burden is on one asserting it to show a continuance of authority.

4. SAME—EVIDENCE—DECLARATIONS OF AGENT.
    One's authority as agent cannot be shown by his own declarations.

5. SALE OF LAND—TIME OF ESSENCE.
    Time is of the essence of a contract for the sale of land, which provides that the purchaser shall pay the balance of the purchase money one year from date, and that if the same is not paid the contract shall be void.

Appeal from circuit court, Franklin county.

Action by William A. Fullerton and another against William McLaughlin for specific performance of a contract to sell land. There was a judgment for defendant, dismissing the complaint, and plaintiffs appeal. Affirmed.

The opinion of PUTNAM, J., at circuit, was as follows:

I think that all the evidence in, and facts of, the case, indicate that La Fountain was, to a certain extent, the agent of the defendant. The contract was drawn with a blank space left, to be filled in with a proper description of the lots agreed to be conveyed; and I infer from the evidence that La Fountain, as defendant's agent, was authorized to write in the contract the proper description of the lots, and hence that the contract, as read in evidence, was a valid and authorized contract. But although La Fountain was an agent of defendant, to make the contract, that fact did not give him, either actually or presumptively, any authority to cancel, extend, or modify it. The admission of defendant, proved by several witnesses, that "Mr. La Fountain did all his business for him," should be deemed to apply to the business then being discussed and transacted,—the making of contracts for the sale of lots. The contract being made, and the right of the parties fixed and determined by the writing, the admission of defendant should not be construed to mean that La Fountain had authority to modify or extend or change the contract. When this written contract was made, the agency must be deemed to have ceased, in the absence of competent evidence of its continuance. It was for the plaintiffs to show such continuance. Under well-settled principles, they could not show such continuance by the agent's declarations. But they show it in no other manner. The plaintiff Mould testified that the first time he saw defendant, after the making of the contract, the latter said that La Fountain was not authorized to extend the contract, or to act as his agent. I conclude, therefore, that plaintiffs fail to show a valid extension

of the time to perform the contract. They show the agency of La Fountain to the making of the contract. But such agency does not give him power to modify, change, or extend it. See Brewster v. Carnes, 103 N. Y. 556, 9 N. E. Rep. 323; Ritch v. Smith, 82 N. Y. 627; Bickford v. Menier, 107 N. Y. 490, 14 N. E. Rep. 438; Edwards v. Dooley, 120 N. Y. 551, 24 N. E. Rep. 827; Smith v. Kidd, 68 N. Y. 130, 131.

By the terms of the contract, plaintiffs were to pay the balance of the purchase price one year from its date, and if said money was not then paid the contract should be null and void. I think, therefore, that the time of the payment was of the essence of the contract. Wells v. Smith, 2 Edw. Ch. 78, 7 Paige, 22. Hence, the time of payment being, by the terms of the contract, material, and strict fulfillment of the terms of the contract not having been waived or extended by defendant, I conclude that plaintiffs are not entitled to a specific performance. The complaint should be dismissed, with costs.

Argued before MAYHAM, P. J., and HERRICK, J.

J. W. Webb and John P. Badger, for appellants.

Kellas & Munsill, (John P. Kellas, of counsel,) for respondent.

HERRICK, J.   It seems to me that this case should be affirmed, upon the opinion of the court below.   The agency proved, it seems to me, did not grant power to extend or modify the written contract.

---

(70 Hun, 281.)

## LAWSON v. TERMINAL WAREHOUSE CO. et al.

(Supreme Court, General Term, First Department.   June 30, 1893.)

INTERPLEADER—CONFLICTING CLAIMS.

In an action to recover certain bales of burlap of a warehouse company, it is error to substitute as defendant a bank claiming the burlap invoiced, where the bank alleged that these bales were a part of a large number in dispute between the bank and various persons; that if it was not entitled to the burlap the warehouse company was liable to the bank therefor,—and denied the claim for storage of the burlap, set up by the warehouse company.

Appeal from special term, New York county.

Action by Jacob Lawson against the Terminal Warehouse Company to recover certain bales of bagging.   On motion of defendant, an order of interpleader was entered, substituting the Central National Bank as defendant.   From this order the bank appeals. Reversed.

Argued before VAN BRUNT, P. J., and FOLLETT and PARKER, JJ.

Martin & Smith, (A. P. Whitehead and George A. Strong, of counsel,) for appellant.

Platt & Bowers, (J. M. Bowers and Robert L. Luce, of counsel,) for respondent Warehouse Co.

Clarence L. Westcott, for plaintiff, Jacob Lawson.

VAN BRUNT, P. J.   This action was brought to recover possession of five bales or packages of burlap, which the defendant the Terminal Warehouse Company claimed to hold as a bailee in its warehouse in the city of New York, upon the ground that the de-