(41 Misc. Rep. 39.)

### BALDWIN v. McGRATH et al.

(Supreme Court, Special Term, New York County. June, 1903.)

1. SPECIFIC PERFORMANCE—WHEN GRANTED.

Defendants agreed to exchange properties, and one defendant agreed to convey to plaintiff the piece he received in exchange. The other defendant could not, on the day for closing the trades, convey to his codefendant, nor could such codefendant convey to plaintiff, because of clouds on the title of the property to be conveyed. *Held*, in an action for specific performance brought by plaintiff, that time was not of the essence of the contract so far as plaintiff's rights were concerned, and, on proof that the cloud on the title had been removed at the time of the trial and that the property had been conveyed in exchange, the defendant grantee would be compelled to convey to plaintiff, though the original contract between the defendants provided that, if title was not received by a date named, the contract should be void.

Action by Clarence D. Baldwin against John J. McGrath and Terence McDonnell for specific performance of a contract. Judgment for plaintiff.

Lord, Day & Lord, for plaintiff.
Franklin Pierce, for defendant McGrath.

SCOTT, J. This is an action in equity for the specific performance of a contract for the sale of real estate, in which the facts are prac-

tically undisputed. On September 12, 1902, the defendants McGrath and McDonnell entered into an agreement for the exchange of certain parcels of real estate, whereby McGrath agreed to convey to McDonnell certain premises in the borough of the Bronx, and McDonnell agreed to convey to McGrath certain premises in the borough of Manhattan, situated on the southerly side of Thirty-Fifth street, between First and Second avenues. At the same time McGrath entered into a contract to sell and convey to the plaintiff the property on Thirty-Fifth street. These contracts were made at the same time, and were to be fulfilled at the same hour on October 1, 1902, at the same place, being the office of the attorney for the defendant McGrath. All parties attended at the time and place fixed for the completion of the contracts, when it was disclosed that there were certain clouds upon or defects in the title to the Thirty-Fifth street property, which rendered it impossible for McDonnell to convey the property to McGrath, or for McGrath to convey it to the plaintiff, free from all incumbrances, as the contracts required that it should be conveyed. It is not necessary to specify these clouds and defects, which were of such a nature that they could readily be removed, as in fact they were removed shortly after. None of them were of the plaintiff's making, and he stood ready at the time appointed to complete the contract on his part upon receiving such a conveyance and title as he had contracted for. The plaintiff suggested that the time for the completing of the contract should be reasonably postponed in order to enable the title to be cleared up, but McGrath refused to consent to any postponement, and insisted that plaintiff should take the title as it was, with its admitted imperfections, or else that the contract should be canceled. The plaintiff thereupon brought this action.

By the contract between McDonnell and McGrath the latter had acquired an equitable title to or interest in the property, and by the contract between the plaintiff and McGrath the latter had transferred that equitable title or interest to the plaintiff. Stoddard v. Whiting, 46 N. Y. 627; Pelton v. Westchester Fire Ins. Co., 77 N. Y. 605. The plaintiff, therefore, had a right in equity to compel the performance of both contracts. McDonnell does not defend, and therefore no question arises as to the propriety of joining him as a party defendant. So far as concerns McGrath, the plaintiff is entitled to specific performance, unless his right thereto is defeated by the special clause in the contract between himself and McGrath upon which the latter relies. That clause reads as follows:

"This contract is made upon the condition that the said party of the first part [McGrath] shall receive the title to said premises on or before the first day of October, 1902, and if he fails to receive such title by that date, then this contract shall become null and void, and said party of the first part [McGrath] in that event agrees to return the said sum of five hundred dollars ($500) to the said party of the second part."

It is true that at the time fixed for transferring the title, and at the time of the commencement of this action, McGrath could not perform his contract with plaintiff, because the property had not yet been conveyed to him. This fact, however, does not of itself defeat the plaintiff's right to a judgment, because, since this action was begun, Mc-

Grath has become vested with the title, and is now in a position to comply with a decree for the specific performance of the contract. Jenkins v. Fahey, 73 N. Y. 355. It is well settled that, in equity, time is not necessarily and essentially of the essence of a contract for the sale of real estate. Schmidt v. Reed, 132 N. Y. 108, 30 N. E. 373. And where, as in the present case, the failure to carry out the contract on the day specified is due to no fault of the plaintiff, but solely to the inability of the defendant to convey the land, as he had agreed to convey it, by an unincumbered title, the latter will not be permitted to escape performance of the contract because it was not carried out on the day specified. The special clause above quoted was undoubtedly inserted in the contract as a protection to McGrath. He was contracting to sell property which he might never acquire, and unless some protective clause were inserted in the contract, he might, if he could not acquire the property, become subject to a claim for substantial damages. It was undoubtedly to shield himself against such a claim that he caused the clause to be inserted. It is not necessary to give it a wider significance or a greater effect. It certainly is not necessary nor equitable to so construe it as to enable him to avoid performance of his contract, if, when called upon to perform, he was, as he is now, quite able to do so. To yield to such a construction would be to encourage fraud, or at least the willful repudiation of a solemn agreement. It has frequently been held, as pointed out on defendants' behalf, that the parties can make time of the essence of such a contract, even in equity, by expressly so agreeing, and cases are not wanting where, as in the present, it has been provided in the contract that it shall be "null and void," unless carried out upon the date specified. Wells v. Smith, 2 Edw. Ch. 78, affirming 7 Paige, 22, 31 Am. Dec. 274; Fullerton v. McLaughlin, 70 Hun, 568, 24 N. Y. Supp. 280; Bostwick v. Frankfield, 74 N. Y. 207. It will be found, however, that in each of these cases the party against whom the annulling clause was enforced was the party through whose default arose the failure to complete the contract upon the day fixed. I have been referred to no case, and have been able to find none, in which such a clause has been permitted to prevent a recovery, by one who was in no wise responsible for the delay, against one who was himself in default and unable to complete his contract at the time specified, although entirely able to do so at the time of trial. By his agreement the plaintiff has, for defendants' benefit, cut himself off from an action for damages. He is still entitled to the benefit of his contract, and his only relief lies in a decree for specific performance. It would be most inequitable to deny him this relief. There must be judgment for the plaintiff, with costs, and an extra allowance of $250.

Judgment for plaintiff, with costs.