Motion to dismiss appeal denied June 7, 1932; argued January 26; reversed February 7; rehearing denied April 4, 1933

STAPRAN *v.* JAMES H. MADEN, INC., ET AL.

(18 P. (2d) 829)

*Will H. Masters,* of Portland, for appellant Tarola Motor Car Company.

*W. C. Winslow,* of Salem (Walter Fuhrer, of Salem, on the brief), for respondent.

BELT, J. This is an action to rescind a contract for the purchase of an automobile and to recover payment on purchase price, by reason of an alleged breach of implied warranty. It is alleged in the complaint that the automobile was purchased from both of the de-

fendants, but on trial the plaintiff proceeded on the theory that the car was sold by the Tarola Motor Car Company through its agent, the defendant James H. Maden, Inc.

The Tarola Motor Car Company in its answer denied that it sold the car to the plaintiff and alleged affirmatively that there was an independent sale by the defendant James H. Maden, Inc. The latter company alleged that it, as agent of the Tarola Motor Car Company, sold the car to plaintiff. Both defendants denied any breach of warranty or that the automobile was so defective that it was not reasonably fit for the purpose intended.

The cause was submitted to a jury and a verdict returned in favor of the defendant James H. Maden, Inc., and in favor of the plaintiff against the defendant Tarola Motor Car Company for $1,137, with interest thereon at 6 per cent per annum from July 24, 1931, until paid.

The appellant's motions for nonsuit and for a directed verdict require a rather detailed statement of the facts.

Plaintiff, who resided at Salem, Oregon, was in the market for an Auburn automobile. He drove his old Dodge car to Portland and requested the Tarola Motor Car Company—distributors of the Auburn car for Oregon—to appraise the trade-in or exchange value of his car. He was advised by such company, through its salesman, that $500 would be allowed for the Dodge car if the deal was made within the next three days. After inspecting the various models in stock, the plaintiff was unable to find the particular type and model of car he had in mind and so returned home without making any deal. On the following day he wrote to

the Tarola Motor Car Company specifying with particularity the kind of car he was willing to purchase and the terms upon which he was willing to buy. In this letter the plaintiff further advised the company, "Upon your affirmative acceptance of the above terms in writing with the statement of exact interest per annum that will be charged on the unpaid balance, if the interest is reasonable, you may consider this letter as an order for the above car". Upon receipt of the letter, a representative of the appellant telephoned to the plaintiff and told him, in effect, that they had found a car to meet the specifications of his order. In this telephone conversation the parties agreed to a slight modification of the terms of payment as set forth in the letter and, according to the testimony of the plaintiff, such representative *"asked me would it be all right for better accommodation if Mr. Maden would close this contract with me and I said 'all right as long as you remain the responsible party'."* At this juncture it is well to observe that James H. Maden, Inc., had, by virtue of its contract with appellant, the exclusive right to sell Auburn automobiles in Marion county where the plaintiff resided. Upon being notified of such transaction, a representative of the company at Salem went to Portland and took possession of the Auburn car paying to the Tarola Motor Car Company the wholesale price therefor. After bringing the car to Salem, the local dealer, on the following day, called the plaintiff and advised him that "the car is here". Plaintiff thereupon proceeded to close the deal. $300 in cash was paid to such dealer and the Dodge car was turned in to it at the exchange value of $500. The balance of the purchase price, namely $770, was evidenced by a conditional sales contract note in

favor of James H. Maden, Inc. The Tarola Motor Car Company was not mentioned in the contract. Thereafter the local dealer sold and assigned the Stapran note to the First National Bank of Salem, Oregon, and guaranteed payment thereof. Plaintiff made one payment to the bank on the note, but refused to make further payments on account of the alleged defective condition of the automobile.

Relative to the title to the car, evidence was introduced showing that, on May 19, 1931, it was transferred by the Tarola Motor Car Company to the plaintiff and that when the latter made application for certificate of title he recited therein the conditional sales contract in favor of James H. Maden, Inc., disclosing that title to the car remained in the seller until payment of the purchase price. It is the contention of the appellant that title was transferred by it direct to the plaintiff in order to avoid payment of fee. J. H. Maden, Inc., relies upon such transfer as evidence that it was dealing only as agent in making the sale to the plaintiff.

Plaintiff experienced a great deal of trouble in operating the car and it was constantly in the shop of the local dealer for repairs. On June 24, 1931, he wrote to James H. Maden, Inc., complaining about the condition of the car and asking, "Will it be alright with you if I take the car to Portland by Saturday and let those mechanics find the trouble, and you'll pay the bill"? This letter is inconsistent with the theory of agency. If plaintiff believed that he was dealing with the Tarola Motor Car Company and that the local dealer was acting merely as an agent, why should the latter be expected to pay the bill? In reply to this letter, James H. Maden, Inc., wrote to the plaintiff

suggesting that he take the car to Portland but refusing to be obligated for any expenses thereby incurred, for the reason, "We have given more free service than we made on this car deal * * *". Yet James H. Maden, Inc., claims that it was acting merely as an agent. Why should it give such free service if the Tarola Motor Car Company were the real party in interest?

James H. Maden thus testified:

"It was along the 18th or 19th of May, I don't know just exactly what day it was, Joe Tarola called me by telephone and said he had sold an automobile here in Salem to Dr. Stapran and he asked me to take the used car in trade, handle the paper, and make delivery. * * * He said there would be a used car, a Dodge, traded in at five hundred dollars, six hundred dollars in cash and the balance in payments.

"Q. What did he ask you to do, if anything, regarding this transaction?

"A. He asked me if I would make delivery of that job, handle the paper, and I told him I didn't know, I hadn't seen the automobile, or knew nothing about it".

Maden said that, after inspecting the Dodge car, he "called Mr. Tarola and told him I would handle the deal but the Dodge wasn't worth the money he was asking for it or had taken it in for, but there being no commission to pay on the car I would handle the deal". We inquire: If James H. Maden, Inc., was acting merely as agent, why should he be so much concerned about the value of the Dodge car? Would the agent be expected to sustain the loss? When the Dodge car was accepted in trade it was exchanged for another car and the latter sold for $375, which amount was appropriated to the use and benefit of J. H. Maden, Inc. If Maden was acting as agent, why did he not

remit the proceeds of this sale to his principal? Furthermore, observe that when the conditional sales note was assigned to the First National Bank, payment thereof was guaranteed by J. H. Maden, Inc. Will it be contended that, in this transaction, the local dealer was acting as agent for the Tarola Motor Car Company?

■ A written contract, introduced in evidence, between James H. Maden, Inc., and the Tarola Motor Car Company disclosed no agency. Under the terms of this agreement, if the Portland company sold an Auburn car to a resident of Marion county, it would be obliged to pay the local dealer the difference between the wholesale price and the retail price. Neither does the conditional sales contract which the plaintiff executed speak of agency. We are not unmindful that plaintiff would not be bound by any agreement to which he was not a party. Notwithstanding that the Tarola Motor Car Company was not mentioned in the conditional sales contract, parol evidence would be admissible to show the real party in interest: *Curran v. Holland,* 141 Cal. 437 (75 P. 46). The burden, however, rested upon plaintif to show that J. H. Maden, Inc., had real or apparent authority to sell the automobile for and on behalf of the Tarola Motor Car Company. After a careful analysis of the testimony, it is our opinion that there is no substantial evidence tending to support plaintiff's theory of agency. The Tarola Motor Car Company did not authorize the local dealer to act as its agent nor did it hold it out to the public as having apparent authority so to act. The instant case is closely analogous to *Ford Motor Co. v. Switzer,* 140 Va. 383 (125 S. E. 209).

■ Assuming, however, that there is some testimony in the record relative to the issue of agency, the cause of

the plaintiff must fail for the reason that no tender of the automobile was made to the Tarola Motor Car Company. If James H. Maden, Inc., was made special agent to deliver the car to the plaintiff and accept payment therefor, it does not follow that it had authority to rescind the contract of sale. The special agency was terminated upon delivery of the car to the plaintiff. Therefore, if the plaintiff sought to rescind the contract it was incumbent upon him to place the Tarola Motor Car Company in status quo by tendering delivery of the car to it. As stated in Mechem on Agency (2d Ed.), § 902:

"Authority to make or negotiate a sale is ordinarily exhausted when the sale contemplated is made. After the contract of sale made or negotiated by the agent has become complete therefor, the agent has ordinarily no implied authority to rescind or discharge it, or to receive back the goods, or to otherwise alter or amend the terms of the sale".

Also see *Burroughs Adding Mach. Co. v. Harris,* 99 Cal. App. 604 (279 P. 216) ; *Fullerton v. McLaughlin,* 70 Hun. 568 (24 N. Y. S. 280) ; *Luke v. Grigg,* 4 Dak. 287 (30 N. W. 170).

It follows that the judgment of the lower court against the Tarola Motor Car Company is reversed.

RAND, C. J., ROSSMAN and KELLY, JJ., concur.