This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                **NO. 29,873**

**MICHAEL C DE BACA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Louis P. McDonald, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Susan Roth, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

    Defendant appeals his convictions for criminal sexual penetration (CSP) and kidnapping. We issued a calendar notice proposing summary affirmance, and

Defendant has responded with a timely memorandum in opposition. We have duly considered Defendant's memorandum in opposition, and we remain unpersuaded. We therefore affirm.

Defendant continues to argue that the district court improperly excluded a DNA report from evidence. **[MIO 2-6]** The DNA testing was done on a sample of semen taken from the victim's vagina, and the results of the tests were inconclusive. **[MIO 1-2]** The forensic analyst who conducted the testing testified that she could not identify Defendant's DNA on the semen sample because the sample was too small to be tested. **[MIO 1-2]** Defendant argues that the district court erred in refusing to admit the DNA report because it was material to his defense that he did not have sex with the victim. **[MIO 2-6]** We disagree.

"Rulings admitting or excluding evidence are generally reviewed for an abuse of discretion." *State v. Campbell*, 2007-NMCA-051, ¶ 9, 141 N.M. 543, 157 P.3d 722. An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. "We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (filed 1998) (internal quotation marks and citation omitted).

The district court apparently refused to admit the DNA report as an exhibit because it believed that it was hearsay, not covered by the business records exception. **[MIO 2]** *See* Rule 11-803(F) NMRA (providing that records kept in the course of regularly conducted business activity are not excluded by the hearsay rule). We believe that, even if the DNA report was admissible under Rule 11-803(F), the DNA report was not material to Defendant's defense, and he was not prejudiced by exclusion of the report. The results of the DNA tests on the semen sample were inconclusive. The DNA report neither identified nor excluded Defendant as the source of the semen. The DNA report did not provide any evidence to support or to contradict Defendant's assertion that he did not have sex with the victim. We therefore do not believe that the DNA report was relevant. *See* Rule 11-401 NMRA (defining relevant evidence as evidence having any tendency to make the existence of any material fact more probable or less probable than it would be without the evidence). Accordingly, we find no error in the district court's exclusion of the DNA report. *See* Rule 11-402 NMRA (stating that irrelevant evidence is generally inadmissible).

Additionally, we believe that, even if the district court erred in excluding the report, any error was harmless. In *State v. Balderama*, our Supreme Court held that "[e]rror in the exclusion of evidence in a criminal trial is prejudicial and not harmless

if there is a reasonable possibility that the excluded evidence might have affected the jury's verdict." 2004-NMSC-008, ¶ 41, 135 N.M. 329, 88 P.3d 845. We do not believe that exclusion of the DNA report could have contributed to the jury's verdict. Although the district court refused to allow the jury to see the DNA report, the analyst who performed the DNA testing was a witness at trial, and she testified to the results of the DNA testing. Defendant was able to argue that the DNA test was inconclusive to the jury. Additionally, as discussed above, we believe the report was irrelevant. *See State v. Chavez*, 2007-NMCA-162, ¶ 7, 143 N.M. 126, 173 P.3d 48 (holding any error in the exclusion of a consumer product safety report was harmless where the report was not material to any issue in the case). For these reasons, we affirm the district court.

Defendant also argues that the evidence was insufficient to support his convictions for criminal sexual penetration and kidnapping. **[MIO 6-7]** "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. Based on our review of the record, there was evidence that Defendant forced the victim into the living room of her home, forced her to engage in oral sex, forced her into a bedroom of her home, and forced her to have

intercourse. **[DS 2-3]** We hold that this evidence is sufficient to support Defendant's convictions for criminal sexual penetration and kidnapping. *See* NMSA 1978, §§ 30-9-11(A)&(E) (2009), 30-4-1 (2003). In his memorandum in opposition, Defendant points to evidence supporting his version of events and to lack of physical evidence of CSP. **[MIO 1]** However, "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts." *Rojo*, 1999-NMSC-001, ¶ 19.

For these reasons, we affirm Defendant's convictions.

**IT IS SO ORDERED**.

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**RODERICK T. KENNEDY, Judge**

5