This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                                                              **No. 35,479**

**JACOB ZAPATA**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Eric D. Dixon
Portales, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Chief Judge.**

{1}     Defendant Jacob Zapata appeals from the order to remand, entered by the district court on March 1, 2016. [RP 103; *see also* DS 6] The district court's order

remanded the case for the sentence to be imposed by the magistrate court, after the district court jury returned guilty verdicts for battery on a household member, contrary to NMSA 1978, Section 30-3-15 (2008), and criminal trespass, contrary to NMSA 1978, Section 30-14-1(B) (1995). [RP 101–02, 103; DS 2, 6; *see also* RP 3] In our notice of proposed disposition, we analyzed Defendant's sufficiency claim with regard to each of his convictions and proposed to summarily affirm. [CN 1, 2, 7–8] Defendant filed a timely memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm Defendant's convictions.

**I. Criminal Trespass**

{2}    In his memorandum in opposition, Defendant continues to argue that there was insufficient evidence to support his conviction for criminal trespass. [MIO 1–3] Defendant essentially contends that he had permission to enter the property, because it was open space and there was no evidence of malice, and that he left as soon as he was asked to do so. [MIO 1–3] However, as we set forth in our notice of proposed disposition, there was evidence that Defendant and Ms. Mc Math were not invited by anyone onto the Smiths' property [RP 48]; that the incident occurred half on the Smiths' property and half on the sidewalk and the Smiths were saying to get off their property [RP 48]; that Ms. Smith lived with her parents in their house on the date of the incident, saw Defendant approach the altercation between Victim and Ms. Mc

Math, and enter the property uninvited [RP 51, 53]; that the incident occurred on the property and Ms. Smith asked Defendant to leave [RP 51, 53]; that Ms. Smith yelled at Defendant to get Ms. Mc Math off the property and that she repeatedly asked—at least ten times over approximately a minute and a half—for Defendant to leave [RP 53]; that Mr. Smith was likewise living at his wife's parents house at the time of the incident and that he heard his wife screaming for someone to get off the property [RP 54–55]; and that the incident occurred in the front yard and on the sidewalk and that Mr. Smith asked Defendant to leave, but that Defendant failed to do so until Mr. Smith ran toward him [RP 54–55]. [CN 6–7] Viewing all of the direct and circumstantial evidence in the light most favorable to the State and resolving all conflicts and making all possible inferences in favor of the jury's verdict, we conclude that a rational jury could have found beyond a reasonable doubt that Defendant committed criminal trespass. *See State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930; *State v. Kent*, 2006-NMCA-134, ¶ 10, 140 N.M. 606, 145 P.3d 86.

{3}     Defendant's contention that he was invited onto the open space and left as soon as he was asked to do so [MIO 1–3] is a theory and interpretation of the facts that the jury was free to reject. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (stating that "the jury is free to reject [the d]efendant's version of the facts").

2

We "do not search for inferences supporting a contrary verdict or re-weigh the evidence because this type of analysis would substitute an appellate court's judgment for that of the jury." *Slade*, 2014-NMCA-088, ¶ 13 (internal quotation marks and citation omitted); *see also State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay); *State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156 ("This court does not weigh the evidence and may not substitute its judgment for that of the fact finder so long as there is sufficient evidence to support the verdict." (internal quotation marks and citation omitted)). We therefore conclude that there was sufficient evidence to support Defendant's conviction for criminal trespass.

**II.    Battery on a Household Member**

**{4}**    Defendant also continues to argue that there was insufficient evidence to support his conviction for battery on a household member. [MIO 3–5] In his memorandum in opposition, Defendant refers to testimony that shows at best a conflict in testimony or a need to weigh the testimony and/or credibility of the witnesses. [MIO 3–4] However, as indicated above, conflicting evidence is in the province of the jury, and we do not reweigh on appeal. *See Salas*, 1999-NMCA-099,

3

¶ 13; *Griffin*, 1993-NMSC-071, ¶ 17. Moreover, although Defendant contends in his memorandum in opposition that it was physically impossible for him to have kicked Victim while she was straddled by Ms. Mc Math [MIO 4], this is Defendant's interpretation of the facts—i.e., that such straddling must have placed Ms. Mc Math's knees at rib-height and/or that there was no space or time for Defendant to kick Victim [MIO 4, 5]—and the jury was free to reject such an interpretation of the evidence. *See Rojo*, 1999-NMSC-001, ¶ 19. Finally, regarding Defendant's argument that Victim's two-day delay in reporting the incident somehow indicates that there was insufficient evidence [MIO 5], we again reiterate that credibility of a witness is for the jury to determine, and we do not reweigh on appeal. *See Salas*, 1999-NMCA-099, ¶ 13; *Griffin*, 1993-NMSC-071, ¶ 17. We therefore conclude that there was sufficient evidence to support Defendant's conviction for battery on a household member.

{5}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's convictions.

{6}     **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Chief Judge**

4

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**LINDA M. VANZI, Judge**